No. 21.—JOHN B. COURSEY, plaintiff in error, *vs.* DAVID L. CURTIS, defendant in error.

[1.] A promissory note is personal property, within the terms and meaning of the Act of 1821, providing a summary remedy to quiet and protect the possession of personal property.

Case in Richmond Superior Court. Tried before Judge HOLT, January Term, 1855.

This was an action for malicious arrest and false imprisonment. The whole case turned upon the question, whether or not the Act of 1821, in reference to the possession of personal property, authorized the issuance of a possessory warrant, on the ground of the possession of a promissory note claimed by the applicant. The Court below held that the warrant was properly sued out, and the Act applied to such a case. This decision is assigned as error.

J. C. & G. A. SNEED, for plaintiff in error.

There being no appearance for defendant in error, the case was heard *ex parte.*

*By the Court.*—STARNES, J. delivering the opinion.

The only question in this case is, whether or not a promissory note is personal property, within the meaning of our Statute of 1821, providing a summary remedy for the purpose of quieting and protecting the possession of personal property.

For the plaintiff in error, it was insisted that a promissory note was not such property as the Act contemplated, because it was *a chose in action.* And it was argued that the Statute contemplated personal property *in possession*—that sort of property of which the holder had the *immediate enjoyment and use ;* that a promissory note, as a chose in action, was of no value ; that it was a mere evidence of debt—the debt being the thing of value, not the note; and that an action might be maintained for the debt, without the note.

It is not accurate to say that a promissory note is not property of use and value to the owner, *as an evidence of debt.* It is of use *as a writing on paper, which, whilst in his possession, will save him the trouble and expense of otherwise proving his debt.* In this point of view, the paper is not personal property in action. It is the holder's right to receive the debt or damage for the breach of the contract which is in action, not the written evidence of such right— that is property in possession ; and as such, is of use, as are title deeds, records, &c. Thus it is that *trover* may be brought for promissory notes, for title deeds, certificates of stock, books of records, &c. (*Goggesby vs. Cuthbert,* 2 *N. Rep.* 170. 5 *Bos. & P.* 170. *Yea vs. Field,* 2 *T. R.* 1708. *King vs. Milsom,* 2 *Camp.* 5. *Towle vs. Lovett,* 6 *Mass. R.* 394. *Todd vs. Crookshanks,* 2 *John.* 432.)

In this sense, certainly, a promissory note must be held to be embraced in the terms of the Act of 1821.

It has occurred to us, that if the value of this promissory note be determined alone by the value of the paper as a written evidence of debt, and this were looked to as the measure

of the bond which the Act requires to be given, this might afford a very unsatisfactory result. But this is a difficulty of detail rather than of principle. And we are not called on to make any decision upon the point.

Judgment affirmed.