Rutledge *vs.* Montgomery *et al.*

RUTLEDGE *vs.* MONTGOMERY *et al.*

There is no delivery of a deed, when the grantor never parts with the dominion over the paper, but retains it, concealing its existence from the grantees, and intending not to put it into their custody or control.

Trover, in Talbot Superior Court. Tried before Judge WORRILL, at March Term, 1860.

This was an action of trover, brought by Telemachus F. Montgomery and wife, and Abner Turner, Raliegh H. Turner, Ann Eliza Turner, Thomas B. Turner, Ada V. Turner and William V. Turner, infants within the age of 21 years, by Thomas B. Turner, their guardian, against Thomas J. Rutledge, in Talbot Superior Court, for certain negroes.

The plaintiff introduced said Thomas B. Turner and his wife as witnesses, whereupon defendant objected upon the ground, that said Turner and wife were incompetent witnesses, on the ground of interest; whereupon, the said Thomas B. Turner arranged the costs satisfactorily with the Clerk, and thereupon the Court admitted them to testify; whereupon, the defendant excepted and assigned said decision as error.

The said Thomas B. Turner testified: That before he delivered the negroes mentioned and sued for, he made a deed whereby he gave said negroes to the wife of said defendant, who was the daughter of said Thomas B., for life, and after her death without children, to the other plaintiffs; that defendant's wife was dead; that said deed was written and attested by the witnesses; thinks that he stated to said witnesses that he had settled said property upon his daughter, and nothing more; that he never delivered said deed, or informed any one of the same until after the death of the wife of said Rutledge, and that he would not let Mrs. Rutledge have the deed; that the negroes were delivered to said Rutledge shortly after his marriage with the daughter of said witness.

Mary Turner testified: That she was the wife of Thomas B. Turner, and she informed said Rutledge before his marriage with the daughter of witness, that all the property which they give him would be settled on his wife.

Rutledge *vs.* Montgomery *et al.*

The Court held, that if these facts were true, the same amounted to a delivery—whereupon, the defendant excepted and assigned the same for error.

WILLIS & WILLIS, M. BETHUNE, JOHNSON & SLOAN, for plaintiff in error.

WM. DOUGHERTY and LEVI B. SMITH, *contra.*

*By the Court.*—STEPHENS, J., delivering the opinion.

Dr. Turner being the original owner of the negroes, by delivering them to his daughter's husband soon after her marriage, without using any words to negative the idea of a gift, passed a good title to the son-in-law, unless he had previously divested his own title by the deed. We think the deed is invalid for want of delivery. It is said there was a delivery from Dr. Turner in his own right to Dr. Turner as agent for the grantees. There must be two parties to the delivery of a deed, but here there was only one; there must be the concurrence of two minds in the act, but here there was only one mind. But it is not true that Dr. Turner was an agent for the grantees. The objection to his agency is not that it was self-constituted, for there may be a self-constituted agent for the purpose of receiving a deed. The principal is presumed to ratify an act which is for his benefit, and when he does ratify it, the ratification, by relation, gives the transaction validity from the beginning. The facts which are fatal to the pretension of an agency in this case are, that the action of Dr. Turner was *concealed* from the grantees, and that his holding of the deed was *not in subordination* to them, but was *independent of their will,* whatever that will might be. He distinctly states not only that he concealed the transaction from all of the grantees, but that he never would have delivered the deed to Mrs. Rutledge, who was one of them. It is a mockery to say that a man takes a paper *for* another, when he takes it with an intent that that other shall not have it. And let it be borne in mind, that the intent of the grantor was the same as that of the pretended agent, the two being one and the same person, and therefore of one and the same mind. How can it be said that this deed was delivered for the gran-

tees, when the common intent of the person who gave it and the person who received it was, that the grantees should not have it, nor even be informed of its existence? A delivery must be to the grantees, either directly or through some other person, who takes with an understanding that he is to transfer to them the dominion which he assumes in their name. There were cases produced in argument where delivery has been *inferred* from very slight evidence under peculiar circumstance, but the inference has never been drawn against the plain facts. The facts are full in this case, and so far from leaving room to infer a delivery, they conclusively negative the idea. To say that Dr. Turner was the agent of these grantees, when he acted not in subordination to their will, but independently of it, concealing his action from them; and to say that there was a delivery to these grantees, when the paper was to be held in secret from them, and in opposition to their dominion over it, is simply to *reverse* the meaning of the term agency and delivery. We will not consider the other points in this case, as they were not argued, and this one disposes of the case.

Judgment reversed.