## DUGAS v. HAMMOND.

1. The statutory form of action to recover land is not repealed by the pleading act of 1893 (Civil Code, § 4961), but is capable of division into separate and orderly paragraphs, as required by that act.
2. The allegation in the statutory form of complaint for land, that the plaintiff "claims title" to the land, is the equivalent of an allegation of title.
3. Where the petition departs from the statutory form and alleges that the plaintiff "claims title" under an abstract of title annexed to the petition, this is equivalent to an allegation that the plaintiff's title is as defined in his abstract.
4. If the allegation of title in the abstract under a form of petition indicated in the third syllabus be an insufficient title, the failure of the defendant in his answer to deny the paragraph setting up this title will not amount to the admission of a prima facie title in the plaintiff.

Submitted June 6, 1907.—Decided February 8, 1908

Complaint for land.　Before Judge Eve.　Richmond superior court.　January 3, 1907.

*Julian J. Zachry* and *Salem Dutcher,* for Mrs. Dugas.
*C. E. Dunbar,* contra.

EVANS, P. J.　1-4.　Emily C. Hammond brought complaint for land against Lucretia R. Dugas.　The petition was framed after the statutory form of complaint for land, though not in its exact form.　The pleader separated the petition into paragraphs, which

were consecutively numbered. The defendant failed to answer the paragraph which asserted that "petitioner claims. title to said land under a deed and under the abstract of title hereto annexed marked Exhibit A." Exhibit A was but an abstract of four deeds, the first executed in 1880. The plaintiff was the grantee in the last deed. No possession in any of the grantors or grantees was alleged. The court ruled that the failure of the defendant to respond to this paragraph was an admission of title in the plaintiff, and relieved her from showing title to the premises in dispute. The case was submitted to the court, without the intervention of a jury, who rendered a judgment in favor of the plaintiff, which on motion for a new trial the judge refused to disturb.

We think the court erred in holding that the plaintiff was relieved of the necessity of proving her title to the land, by the defendant's failure to deny the paragraph of the petition in which the plaintiff alleged her title to the land in controversy. The judiciary act of 1799 prescribed that all suits in the superior court should be begun by a petition addressed to the court, signed by the plaintiff or his counsel, plainly, fully, and distinctly setting forth the plaintiff's cause of action. In 1847 the legislature prescribed certain forms of action, including a form of a petition for the recovery of land. See Code of 1882, §3389. This form was as follows: "The petition of A. B. showeth that C. D., of said county, is in possession of a certain tract of land in said county (here describe the land), to which your petitioner claims title; that the said C. D. has received the profits of said land since the ————— day of —————,  18 ——, of the yearly value of ————— dollars, and refuses to deliver said land to your petitioner, or to pay him the profits thereof; wherefore," etc. The legislative intent was not to abolish the distinctive features of good pleading, but to authorize a simplified and concise form of a petition applicable to certain actions. These forms were permissive, and not obligatory. *Hilliard* v. *Connelly,* 7 *Ga.* 172. While not intending to repeal the form of statement of the cause of action according to the rules of the common law, the statutory forms were allowable as a substitute. It could hardly have been the legislative purpose to devise a substantially different form of pleading so as to require the averment of certain facts, if the petition was framed after the common-law standard, and excuse the averment of the same facts if the petition was in the statutory

form. Such a system would have been confusing, and would have led to absurdities. On the other hand, the legislative object in pre-scribing simpler forms of petition must have been that the allega-tions of the various statutory forms should be regarded as containing all the substantial and necessary averments of the common-law form for the same kind of action. See Civil Code, §4934. At common law the form of action to recover land was fictitious; yet that fiction was based on the assumption that the lessor of the fictitious John Doe had the superior right to the possession of the land. This su-perior right was based either on title or prior possession. The stat-utory form of action to recover land contains no specific statement that the plaintiff has title to the land, but the words "claims title" should be given that significance. Unless this effect is given to these words, we would be saying that a form of petition to recover land, authorized by law, is sufficient, although it contains no as-sertion of the plaintiff's right to the land which he seeks to re-cover. These forms are remarkable for their brevity and the re-pudiation of technical expression. We should not gauge the mani-fest effort to discard technical nomenclature by the standards from which the effort aims to be disenthralled. We should rather in-terpret the language employed according to the common under-standing of the words; that is, consider the words in their collo-quial, and not their technical sense. In common speech a person says he claims the land to which he has title, meaning by his claim of title to declare his ownership. The Standard Dictionary de-fines the verb "claim" as, "To demand on the ground of right; to affirm to be one's own, or one's due; lay claim to; assert a right to or ownership of; as, to claim a title." It was held in a Cali-fornia case that "An allegation in a complaint in ejectment, that the plaintiff, on a day named, 'was possessed of' certain lands therein described, 'which said premises the said plaintiff claims in fee simple absolute,' is an allegation of title in the plaintiff to the premises in fee simple absolute." Marshall v. Shafter, 32 Cal. 176. A conveyance of the grantor's claim to land passes all the title he holds. We think that the expression in the pleading form means an assertion of title; it is equivalent to an allegation that the plaintiff has title to the land. Given this construction, the pleading act of 1893 (Civil Code, §4961), requiring the plain-tiff to state his cause of action in orderly paragraphs consecu-

tively numbered, does not repeal this form of petition, but the statutory form is adaptable to the pleading act by a division into separate paragraphs.

Under the statutory form of action the abstract of title is not a part of the petition. *Yonn* v. *Pittman,* 82 *Ga.* 637 (9 S. E. 667). The plaintiff may make it a part thereof by incorporating it in the body of his petition, or by making his exhibit which contains the abstract a part of his petition by reference or otherwise. When he does so, and the allegation is that he claims title to the land under the abstract of title annexed to his petition, such allegation will not be treated as a simple allegation of title, but as an allegation that his title is limited to that defined in his abstract. "Where title is specifically as well as generally alleged, the specific allegations control and qualify those that are general." 21 Enc. Pl. & Pr. 725. In the case at bar the plaintiff alleges as a distinct paragraph that she "claims title to said land, under a deed, and under the abstract of title hereto annexed, marked Exhibit A." The exhibit purports to be an abstract of four deeds, the first a deed from Acy Evans to Ellery M. Brayton, dated in 1880; then a deed from Ellery M. Brayton to Helen C. Brayton; then a deed from Helen C. Brayton to Henry H. Cumming; and lastly a deed from Henry H. Cumming to plaintiff, executed in 1902. There was no response to this paragraph, and under the pleading act of 1893 the court ruled that defendant's failure to answer this paragraph was an admission that the plaintiff had prima facie title to the land. The failure to answer can have no further effect than a direct admission; and what is that admission? That the plaintiff has title beginning with a conveyance in 1880, but under which no possession is alleged. In other words, that his title originates from a person who is not alleged to have had possession, or either a paper or prescriptive title. Suppose that the plaintiff had denied this paragraph, the mere introduction in evidence of the four deeds, an abstract of which was annexed to the petition, would not have made a prima facie case. Therefore the failure to deny this paragraph could not have the effect of admitting that the plaintiff had title. It was but an admission that the plaintiff had the title which she alleged, and this was insufficient to cast the burden on the defendant to show title. The court ruled otherwise, and we think this ruling was erroneous.

It is unnecessary to notice the various assignments of error set out in the motion for new trial, and in the cross-bill, for the reason that the court tried the case on the assumption that the plaintiff was not required to submit proof of her title. We are unable to say whether the plaintiff will be able to make out a prima facie case; and until that is done it is immaterial as to what was the character of the defendant's title. The rule in actions for the recovery of land is that the plaintiff recovers on the strength of his own title, and not on the weakness of the title of his adversary.

*Judgment reversed. All the Justices concur, except Holden, J., who did not preside.*

LUMPKIN, J., concurring specially. I concur in the judgment in this case. I can not concur in some of the statements in the headnotes and in the opinion. The exact point ruled is this: A plaintiff brought an action of complaint for land. She alleged that "petitioner claims title to said land under a deed and under the abstract of title hereto annexed, marked Exhibit A." The defendant failed to respond to this paragraph of the petition. The court held that such failure was an admission of title in the plaintiff, relieved her from proving title to the premises, and furnished a sufficient basis for a verdict, or judgment in lieu of a verdict (the case being submitted to the court without a jury). This is held to be error, and the opinion of Presiding Justice Evans bases the ruling on the ground, that, when the petition alleged that the plaintiff expressly claimed title under a certain abstract, and the abstract did not show a prima facie title, a failure to answer this paragraph of the petition did not operate as an admission of title. I think this is clearly correct. But when the opinion goes further and declares that the act of 1893 (which is codified in §4961 of the Civil Code) intended to preserve and approve the old statutory or "short" forms of petition which were in the Code of 1882, at least in regard to suits for land, and apparently treats a mere general assertion, if it stood alone, that the plaintiff "claims title," as good pleading, I am unable to concur in that view.

The judiciary act of 1799 (Cobb's Digest, 1135) declared that all suits of a civil nature "shall be by petition to the court, which petition shall contain the plaintiff's charge, allegation or demand, plainly, fully, and distinctly set forth." It did not require the petition to be divided into distinct paragraphs and answered in

like manner; but it did require the defendant to make his defense in writing "which shall plainly, fully, and distinctly set forth the cause of his defense." This did not appear to be a very onerous requirement. There had been much nicety and technical refinement in pleading in England; and doubtless the lawyers who had been instructed in the old practice still raised numerous questions under the requirement of plainness, fullness, and distinctness. At that time there was no court for the correction of errors, and the rulings of the judges of the nisi prius courts were final. These considerations probably had some effect in causing a demand for uniformity and simplicity in pleading. The writer recalls having heard in his youth some of the old lawyers, who had grown up and been instructed under the judiciary act of 1799, declare that the cry for brevity and simplicity in lieu of plainness and distinctness was made to a considerable extent by some who found it difficult to plainly, fully, and distinctly write out their client's cause of action, and who preferred extreme brevity, though it might involve obscurity, to fullness and distinctness, though it should produce lucidity. The writer, being of a younger generation, is unable to confirm or deny this suggestion, and merely mentions it in passing, without expressing an opinion in regard to it. Judge Nisbet said that the act of 1799 and the practice under it were approved by the legal profession very generally, though not universally. (8 *Ga.* 55-56, infra). Whatever may have been the cause, there was undoubtedly a call for simplicity and brevity. This resulted in the passage of the act of 1847 (Cobb's Dig. 490), declaring that certain forms should be sufficient as a declaration in different characters of actions therein specified. Of this act I take a somewhat different view from that which I understand to be entertained by Presiding Justice Evans. He says in his opinion, "While not intending to repeal the form of statement of the cause of action according to the rules of the common law, the statutory forms were allowable as a substitute. It could hardly have been the legislative purpose to devise a substantially different form of pleading so as to require the averment of certain facts, if the petition was framed after the common-law standard, and excuse the averment of the same facts if the petition was in the statutory form. Such a system would have been confusing and would have led to absurdities." Judge Nisbet, who was on the

Supreme bench when the act of 1847 was passed, took a different view of it. In *Phillips* v. *Dodge,* 8 *Ga.* 51, 53, 55, he said: "So far as I know, that fundamental rule of pleading, that a party must, by clear and distinct allegations, bring himself within the law which regulates his right to recover, has by no judge and no court, prior to the act of 1847, been dispensed with in Georgia. . . The act of 1847, then, repeals no law of pleading in force prior to that time. It gives to parties simply a license to use the prescribed form; and if he elects to use it, he shall be protected in its use, and if he does not, he is subject to the act of 1799, which requires the plaintiff plainly, fully, and distinctly to set forth his cause of action." In *Cameron* v. *Moore,* 10 *Ga.* 369, the same judge said: "The legislature, beyond question, intended to dispense with the common-law pleadings, and the pleadings which have grown up under our own statute, and to say that in the cases enumerated the form embodied in the act should be a good declaration." In *Hotchkiss* v. *Newton,* 10 *Ga.* 560, 567, Lumpkin, J., after referring to the judiciary act of 1799, said: "I view with jealousy any attempt to improve it. One thing is certain, that any effort heretofore made for this purpose has been calculated to produce embarrassment and confusion. That system, founded upon rules of great simplicity and comprehensiveness, required the parties to set forth their cause of action and defense, plainly, fully, and distinctly; and any enactment which dispenses with this, experience will demonstrate to be impolitic in its tendency." The caption of the act of 1847 was, "An act to simplify and curtail pleadings at law." The first section declared, "That from and after the passage of this act, the form of a declaration for the recovery of real estate and mesne profits may be as follows, any law, usage, or practice to the contrary notwithstanding." Then followed a brief form. Abbreviated forms for other kinds of actions were also given. It seems to me that the language of the act plainly shows two things: First, that its leading idea was simplification and curtailment; and second, that it recognized that it was not in accord with the law, usage, or practice which it declared should give way before it. It selected certain facts, and declared that thereafter it should be sufficient to allege them; but such allegations were not asserted to be the same as those which had previously been considered necessary. These forms were com-.

monly known as the "Jack Jones" or "short forms," from the
author of the bill. They might be called the *ne plus ultra* of
brief pleading. In an action to recover land, so far as the title
or possession of the parties was concerned, it was only neces-
sary to allege that the defendant "is in possession of a certain
tract of land in said county (describing the land), to which
your petitioner claims title," and that the defendant refused to
deliver the land to the plaintiff. Under these forms the general
issue could be pleaded, thus requiring proof by the plaintiff of
every allegation necessary to support his cause of action. This
plea was a denial of the allegations in the plaintiff's declaration,
and was considered as filed in all cases which were "answered to"
at the first term. Code of 1882, §3458. It was considered as
filed if the name of the defendant's attorney was merely marked
on the docket at the appearance term. *Solomon & Son* v. *Creech,*
82 *Ga.* 445 (9 S. E. 165). On this implied plea amendments could
be engrafted afterward. Under the act of 1847 it was sufficient
to merely allege that the plaintiff claimed title to certain land,
without even indicating the nature of his claim. It was found
that this gave the defendant little or no notice of the contention
which he had to meet; and in 1860 an act was passed to require
the plaintiff, in this statutory form of action to recover land and
mesne profits, to annex an abstract of title relied on for such re-
covery. (Acts 1860, p. 43; Code of 1882, §3401). The plaintiff
was held to be confined to the abstract of title so annexed; but it
could be amended. *Carter* v. *Greer,* 72 *Ga.* 897; *Lee* v. *Houston,*
120 *Ga.* 529 (48 S. E. 129). It might have been supposed that
an abstract thus required to be annexed became a part of the
plaintiff's case set out by his pleadings, and that it would be nec-
essary for the allegation of claim and the abstract annexed, when
taken together, to show at least a prima facie ownership or right
to the possession of the land. But it was held that the object of
the abstract was, not to show title in the plaintiff on the face of
the pleadings, but only to give notice of what was to be relied on
at the trial; and that an action of complaint for land could not be
dismissed on demurrer because the allegation and abstract attached
did not show a title. *Yonn* v. *Pittman,* 82 *Ga.* 637 (9 S. E. 667).
Under these brief forms of pleading, the defendant was not put
on notice definitely of what was the right or cause of action of the

plaintiff, and therefore could not be expected to make definite denial of any particular fact or element which might be necessary to the plaintiff's case. The plaintiff claimed generally, and the defendant denied generally. The plaintiff had to introduce evidence to establish every thing necessary to make out his cause of action. It was frequently found that many of the elements essential to the plaintiff's case were not in reality denied or controverted. Nevertheless he was compelled to introduce evidence to prove all of them, and the defendant took the chance advantage which might arise from objecting to whatever evidence might be offered. Much time was consumed, and, after the plaintiff had closed, it was often ascertained that the defendant did not really deny or controvert a large part of what the plaintiff had thus been required to prove, but only a few points were really in issue. Moreover, with the liberal rule of amending prevailing in this State under various acts, and the ability to begin or defend an action by such pleading as has been referred to above, it became common to build on to such a foundation by amendment while the trial was in progress, and a continuance was often necessary, thus causing a waste of the time during which the trial had already progressed. Other objectionable results arose from the employment of these short forms. At last a reaction set in. First came the act of 1887; and then, in 1893, an act was passed the caption of which was, "An act to regulate the method of pleading in civil actions commenced by petition in the courts of this State, and for other purposes." It declared "that in all civil actions commenced by petition in any of the courts of this State, the plaintiff shall set forth his cause of action in orderly and distinct paragraphs numbered consecutively; . . that in all such cases, when the defendant desires to make a defense, by plea or otherwise, he shall therein severally and distinctly answer each paragraph of the plaintiff's petition, and shall not, as heretofore practiced in this State, file a mere general denial commonly known as the plea of general issue; . . that any averment distinctly and plainly made in the plaintiff's petition, which is not denied by the defendant's answer, shall be taken as prima facie true, unless the defendant states in his answer that he can neither admit nor deny such averment because of the want of sufficient information; . . that all laws and parts of laws in conflict with this act be and the same are hereby repealed."

(Acts 1893, p. 56.) In 1895 another act was passed which pro-- vided that if the plaintiff shall file a petition with an affidavit attached thereto, "that the facts stated in the petition are true to the best of his knowledge and belief," the defendant shall in like manner verify any plea or answer. Acts 1895, p. 44. During these alterations in the law there had remained in the code the re- quirement, derived from the act of 1799, that the petition should fully, plainly, and distinctly set forth the plaintiff's charge, ground of complaint, and demand; but for a while the act of 1847 declared certain forms sufficient, notwithstanding any previous law or prac-- tice to the contrary. In 1895 a new codification was made. It contained the declaration from the act of 1799 referred to, the act of 1893 and that of 1895, but omitted the "short" forms which had been made sufficient under the act of 1847 and had been em- bodied in the Code of 1882. Civil Code, §§4960, 4961, 4965. The Code of 1895 was adopted as statute law; and it seems to me to be a plain inference that the omission of these forms was a strong in- dication that the legislature intended to repeal entirely the act of 1847. If any form of allegation in some particular action is sufficient to meet the requirements of plainly, fully, and distinctly setting forth the cause of action in orderly and distinct paragraphs,. it is because it measures up to the provisions of the law as it now stands, and not because it was contained in the act of 1847 or in the code prior to the act of 1893, or because there is any implied. approval of the old forms in the new law. An allegation is not ipso facto sufficient now because it was in the forms of 1847;. nor did its inclusion in that act ipso facto condemn it. The al-- legation is simply to be tested by a different rule, and its suffi-- ciency to be determined otherwise than by mere legislative "short forms." In section 4963 of the code, codified from the act of 1887,. it is declared that "In actions for the recovery of land the plain-- tiff must attach an abstract of title." And see §5002. Certain forms, including the fictitious action of ejectment, but not inclu-- ding the short forms of 1847, are preserved. Civil Code, §4972. Section 4934 refers to the forms of verdict, not to what would be sufficient pleading.

Applying the well-known method of construing statutes, here was the old law of 1847, which declared what would suffice to meet the requirement of setting out a cause of action; here were the

evils, a few of which I have pointed out above; and here was the
remedy applied by dropping those forms entirely as having a stat-
utory approval, returning to the demand for plainness, fullness,
and distinctness, prescribing that the cause of action should be
alleged in orderly and separate paragraphs, requiring that there
should be attached to a suit for land an abstract of the title re-
lied on, and presuming admission on the part of the defendant as
to any averment distinctly and plainly made and not denied. I
can not agree, in the light of the history of the laws on the subject
of pleading in this State, and of the requirement of the law as it
now stands, that it was intended to preserve or approve the old
short forms as being per se sufficient. The new law is a good law.
It saves much time, and seeks to reach definite issues of fact, and
as far as possible to eliminate the irrelevant from the trial before
the jury. The irrelevant in a trial tends to obscure the truth.
I think such a law ought to be complied with, and the courts
should enforce it, to secure the excellent purpose for which it was
passed, neither with overnice technicality, nor so liberally as to
injure its efficiency. To return to the hazy pleading of 1847, as
sufficient to meet the definite requirement of the law as it stands
in the Code of 1895, seems to me to be a step backward. See
*Hight* v. *Barrett*, 94 *Ga.* 792-795 (21 S. E. 1008).

Under the present law regulating pleading, if one sues to recover
land (not using the fictitious form of an action of ejectment),
the petition with the abstract attached must make out at least a
prima facie case of title or right of possession. If the plaintiff
has not title enough or sufficient right of possession to make out
a prima facie case on paper by ex parte allegations, or abstract,
or both, surely he should not be allowed to come into court and
cause the expense of a jury trial for nothing. Excessive technical-
ities were the first evil; later followed pleadings which offered op-
portunity for legal "shooting in the dark;" and finally came the
present system, which looks to substance rather than to cobweb-
like technical formulas, but requires a plaintiff to plainly, fully,
and distinctly set out a case—a real, substantial case, before the
defendant shall be compelled to prepare to rebut by evidence an
undisclosed or half-disclosed cause of action. One definition of
the word "claim" often given is: "A challenge of the ownership
of a thing which is wrongfully withheld from the possession of

7

the claimant." Bouvier's Law Dict. word "Claim." Among other definitions in the Standard Dictionary (which is cited by my learned brother) are "To lay claim to; assert a right of ownership of." "To claim" may perhaps sometimes be used as meaning to be entitled to; but its more ordinary signification is to demand on the ground of right, or to lay claim to a thing; to ask for, or seek to obtain, by virtue of authority, right, or supposed or asserted right; and colloquially, to assert, to maintain. See Webster's International Dictionary; Century Dictionary; Standard Dictionary. To substitute for "claim" some of its definitions, suppose that the plaintiff should allege that he "challenges the ownership" of the land held by the defendant, without showing any right to do so; or that he "lays claim" to the land, or that he "demands the land on the ground of right, or supposed right," would this alone be sufficient? Suppose that the plaintiff alleges merely that he "claims" the land, and verifies his petition, must the defendant deny on oath that the plaintiff "*claims*" title or else admit that he *has* title? A conscientious defendant might hesitate to thus deny that the plaintiff "claims" title, though absolutely denying that he has title. Again, suppose that the plaintiff on the witness stand should propose to swear that he "challenges the defendant's title and possession as wrongful," aside from the question of proving title to land by parol: would that suffice? Or that he "demands a recovery," or that "he asserts title?" Implied admission by not answering a paragraph would not apparently be broader than actual admission of the allegation. Suppose, in a claim case, the claimant should swear, not that he is the owner of the property levied on, but merely that he "claims" it, would such an affidavit stand the test of a demurrer? Or suppose one who seeks to bring a case to this court by pauper affidavit should not swear that he can not pay the cost or give bond, but merely that he "claims" inability to do so; or that a plaintiff should simply allege that he "claims" that the defendant is indebted to him, in a certain amount, without showing how: would that be good pleading?

It is unnecessary to discuss whether such an allegation, if unchallenged, would, as pleading, support a recovery; or whether it is merely irregular and may be perfected by amendment or cured by verdict, or is wholly inadequate; or whether general or special

demurrer is the proper mode of raising the point. Nor is it necessary to now determine whether, if the petition contained a positive allegation that the plaintiff has the title, or is the owner in fee of the land, or like averment, this would suffice, though the abstract did not itself show a title. That question is not presented in this case. What I am now urging is that an allegation alone that the plaintiff "claims" title is not good pleading, and can not stand when properly challenged. I agree that the petition in this case was insufficient; but I can not agree to the position or intimation that if the petition had been more indefinite than it was and had alleged that the plaintiff "claims" title, without showing any title on which to base the claim, that would have been good pleading, or that a bald allegation that one "claims title" is a good allegation that he has title.

The case of Marshall *v.* Shafter, 32 Cal. 176, is relied on as authority. Of that case several remarks may be made. (1) The point was not raised by demurrer, or motion, or otherwise during the trial of the case in which the allegation was made; but when the judgment was afterwards pleaded as an estoppel, the sufficiency of the pleadings to put the title in issue was questioned. It was thus an attack or construction after judgment. (2) The allegation there involved was much stronger than a mere statement that the plaintiff claimed title. The plaintiff alleged that on a certain day he "was possessed of certain lands therein described, which said premises the said plaintiff claims in fee simple absolute." And also, that, he "being so possessed thereof, and being so the owner thereof as aforesaid," the defendant entered, ejected him, and unjustly withheld the possession from him. Both of these statements were considered together as making out an allegation of title (pp. 190, 191). In the concurring opinion of Sawyer, J., it is stated that the plaintiff alleged that "he was possessed of" the land in controversy, "with the appurtenances, . . which said premises the said plaintiff claims in fee simple absolute, and the said plaintiff being so possessed thereof, and being so the owner thereof, as aforesaid, the said defendants afterwards" entered into said premises and ejected the plaintiff. (3) No such statute as that of this State was being construed, but apparently the general allegation of title and the general issue or general denial were sufficient (p. 190). (4) In the concurring opinion of

Sawyer, J., (pp. 199, 200) it was said that "This is, at least, as clear an allegation of title as that contained in the statutory form of a petition in an action for the recovery of land in Georgia." And he also said that in the former suit the defendant set up title as well as the plaintiff, and thus title was clearly put in issue. It would be a little odd if the "short form," which was made permissible in this State by the act of 1847, alone, should be used to support in part a decision in California upholding such an allegation, without the aid of a statute; and then, after the repeal of the act of 1847 in this State, if the allegation should nevertheless be sustained by the California decision.

I am authorized to state that Chief Justice Fish ·concurs with me in the views above expressed.