### 29138. DOBBS *et al. v.* FIRST NATIONAL BANK OF ATLANTA, executor.

DECIDED SEPTEMBER 18, 1941.

*Homer C. Denton,* for plaintiffs.

*George P. Whitman,* for defendant.

GARDNER, J. Mrs. Maude E. Dobbs, and Mary Jane and Timothy B. Dobbs, by their next friend, brought an action in trover in. the civil court of Fulton County against the First National Bank of Atlanta as executor of the estate of A. C. Belcher. The petition alleged in substance that the defendant is the duly-qualified executor of the will of A. C. Belcher; that Belcher, before his death, executed and delivered on July 1, 1935, to the plaintiffs a deed to certain described realty in Atlanta, Fulton County; that inadvertently the deed was not recorded, but was placed in a safety box which was used by the families of the plaintiffs and the deceased for valuable documents; that the defendant as executor took charge of the deed along with the effects of the deceased; and it refused after due demand upon it to deliver the deed to them; that the plaintiffs, after the execution and delivery of the deed, went into possession of the realty described therein. No copy of the deed was.

attached, and there were no allegations as to the consideration for or circumstances surrounding the signing of the deed and its delivery. A money judgment of $2500 was asked. The court sustained a general demurrer. To this judgment the plaintiffs excepted.

■ Respecting titles to land, in this State, the superior courts have exclusive jurisdiction. Code, § 2-3201.

■ With reference to the transfer of estates in lands "livery of seisin" gave way to the usage of deeds as symbolic of transfers. From the first inception of the use of written transfers or deeds to lands there was connected with such use the idea of the delivery of the deed itself as symbolic of the transfer of the lands analogous to "livery of seisin." That is, the physical transfer of the document was necessary to make it operative. In modern times we have passed from the early conception of manual transfer of the document itself to the "modern view" of intention of the parties with regard to the delivery of the instrument. This now seems to be the prevailing view in practically all, if not all, of the jurisdictions, and takes control over the idea of manual transfer. For the deed to become operative as a transfer of title it must be established by facts and circumstances attendant upon the transaction sufficient to show that it was the intention of the grantor to deliver, and of the grantee to accept, the deed as an instrument designated to transfer title "inter vivos." The manual possession of the deed or the physical possession of the property, and in some cases no doubt the possession of both, is not conclusive as to delivery or vice versa. 4 Tiffany on Real Property, §§ 1033-1034; *Beard* v. *White,* 120 *Ga.* 1018 (5) (48 S. E. 400); *Watkins* v. *Nugen,* 118 *Ga.* 372 (3) (45 S. E. 260); *Stallings* v. *Newton,* 110 *Ga.* 875 (36 S. E. 227), and cit.; *Wellborn* v. *Weaver,* 17 *Ga.* 267 (63 Am. D. 235). The case last cited was an early decision on the subject, and was thoroughly considered. Delivery may be by words without acts, or by acts without words. *Rutledge* v. *Montgomery,* 30 *Ga.* 899. Should the grantor not part with dominion, it is no delivery. *Beardsley* v. *Hilson,* 94 *Ga.* 50 (20 S. E. 272); *Buffington* v. *Thompson,* 98 *Ga.* 416 (25 S. E. 516). See *Beard* v. *White,* supra. The delivery must be made during the lifetime of the grantor. *Daniel* v. *Stinson,* 179 *Ga.* 701 (177 S. E. 590); *Plowden* v. *Plowden,* 52 *Ga. App.* 741 (184 S. E. 343). See also *Beardsley* v. *Hil-*

*son,* supra, and *First National Bank of Gainesville* v. *Harmon,* 186 *Ga.* 847 (4) (199 S. E. 223), to the effect that a deed found among the grantor's effects and not recorded until after his death is held not to pass title.

■ This leads us to consider, under the petition as a whole, the purpose of the transaction in the instant case. Is it to recover the delivered deed itself as a muniment of title or its inherent value thereof as a conveyance, or is the purpose of the action to contest the issue of delivery of the deed itself and thereby try the title to the land described in the deed? If the former the civil court of Fulton County has jurisdiction, if the latter title to the land is the gist of the cause of action and the superior court of Fulton County has exclusive jurisdiction.

Let us examine the action of trover. Generally speaking, trover may be maintained to try the wrongful conversion of muniments of title to real property. 65 C. J. 20, 21, § 16; *Coursey* v. *Curtis,* 18 *Ga.* 237 (dictum). Under the practice in this State the action of trover for the recovery of specific personal property is in substance the equivalent of replevin and detinue under the common law. As to the question before us, we do not find that it has been previously presented to our appellate courts for decision, but it has been decided in other jurisdictions, and they are persuasive. We cite a few of those authorities. In Hooker *v.* Lathem, 118 N. C. 179 (23 S. E. 1004), the court said: "The general rule is that replevin, or this provisional remedy which serves the purpose of a substitute both for replevin and detinue, will lie for recovery either of deeds or certificates of stock, where the object is to regain possession of the specific paper, and not to test the right to the property which it represents. But neither the common-law action nor the provisional remedy of claim and delivery can be maintained for the unlawful taking or the wrongful detention of a title deed where there is a dispute about its delivery, and the controversy involves the determination of the title to the land conveyed by it. Cobbey on Repl. Sec. 79; 7 Lawson on Rights Rem. & Prac. sec. 3643; Flannigan *v.* Coggins, 71 Wis. 28, 36 N. W. 846." In Bridgers *v.* Ormond, 148 N. C. 375 (62 S. E. 422), the court said: "There is no doubt that the old action of replevin, or our modern provisional remedy of claim and delivery, which is a substitute for replevin and detinue, is appropriate for the recovery of deeds, or certificates of stock, and

the like, when the object of the action is to regain possession of the specific paper, and not to test the right or title to the property which they represent. When there is a dispute about the delivery of a deed conveying land, or when the right to demand its delivery is the question to be determined, such proceeding will not lie." In Campbell v. Brooks, 93 Miss. 853 (47 So. 545, 20 L. R. A. (N. S.) 507), the court said: "A deed, as such, is recoverable in an action of replevin, where same is unlawfully detained, if the controversy be really about the deed and nothing else, and the delivery of the deed is beyond dispute; but where the real thing sought is an adjudication of the title to property, and not the actual recovery of the specific deed, as is the case here, the action of replevin is not an appropriate remedy and will not be maintained. The real controversy here is as to title. The real issue in this case is whether the deeds have been delivered, and the court properly dismissed the cause."

So it seems sound thus far to conclude that if, under all the allegations of the petition, it sufficiently appears that the deed in question was delivered to the plaintiffs by the deceased during his lifetime, and his intention is conclusively manifest from a construction of the petition as a whole, the court erred in sustaining the demurrer, but if the reverse is true, the court did not so err.

■ It thus becomes necessary to construe the petition most strongly against the plaintiffs from the viewpoint of its material allegations. Before doing this it might be helpful for us to inquire as to the status of the defendant. It is an administrative representative of the deceased, with property and testamentary rights. It is a quasi court officer. As executor, it has the sacred duty of standing in the place of the deceased and administering his estate as directed. It has in its favor the presumption that it has not and will not by any act of omission or commission fail to perform or to exceed its authority in the discharge of any of its duties. As executor, it entered this litigation so clothed. Now as to the petition, it is true that it alleges a delivery of the deed. It likewise alleges that the defendant is the executor of the last will of the grantor, A. C. Belcher; it alleges that as such executor the defendant obtained the possession of the deed, along with the general effects of the deceased; that the deed was unrecorded. There are allegations to the effect that the plaintiffs are in possession of

the realty described in the deed; that the deed was kept in a deposit box used by the families of the deceased and the plaintiffs; and that the value of the deed is $2500. Under the above allegations we know of no presumption in favor of the plaintiffs which would tend to establish that the deed was delivered. It is significant that the value of the deed is placed at $2500. It is likewise significant that the petition is silent as to any allegations regarding a consideration for the deed and whether such consideration, if any, was or was not paid.

In view of the several presumptions in favor of the defendant, to wit, first, possession of the personalty is prima facie evidence of title (*Reid* v. *Butt,* 25 *Ga.* 28 (3)) ; second, a person in possession of personal property is presumed to be the owner unless the contrary appears (*Culpepper* v. *Culpepper,* 18 *Ga. App.* 182, 89 S. E. 161) ; third, presumption of good faith arises from adverse possession (*Baxley* v. *Baxley,* 117 *Ga.* 60 (4), 43 S. E. 436) ; fourth, that the executor did not exceed his authority in acquiring the deed in question and refusing to deliver it upon demand (*Collinsville Granite Co.* v. *Phillips,* 123 *Ga.* 830 (5), 51 S. E. 666), it would seem clear that the action, so far as the allegations of the petition are concerned (we do not mean to intimate what the evidence might show) make a case, not for the recovery of a deed which has been delivered, but for the purpose of testing the delivery of the deed, without which delivery the deed would be ineffectual to pass the title to the land described therein. In such event delivery of the deed is essential to pass title. Therefore, this action involves a suit respecting title to land. In such case the superior court of Fulton County has exclusive jurisdiction. The court did not err in sustaining the demurrer.

*Judgment affirmed.* *Broyles, C. J., and MacIntyre, J., concur.*