32508. BREEN *v.* BARFIELD, administratrix.

DECIDED OCTOBER 28, 1949. REHEARING DENIED DECEMBER 14, 1949.

*Winfield P. Jones,* for plaintiff in error.

*William F. Buchanan, Mrs. Mary J. Nelson, William S. Shelfer,* contra.

MACINTYRE, P. J. In this action the declaration is in the form prescribed by section 2 of the act of 1847 (Ga. L. 1847, pp. 203, 204), for the recovery of personal property, generally known as the Jack Jones' statutory form of the action of trover. Section 2 of that act provides that the form of the action for the recovery of personal property may be as follows: "The petition of (A. B.) sheweth that (C. D.) of said county, is in possession of a certain (here describe the property) of the value of_____ dollars, to which your petitioner claims title; that the said (C. D.) has enjoyed the profits of the same since_____; that the said _____is of the yearly value of_____dollars; and that the said (C. D.) refuses to deliver said _____ to your petitioner, or to pay him the profits thereof: Wherefore, your petitioner prays process may issue requiring the said (C. D.) to be and appear at the next _____ Court to be held in and for said county, to answer your petitioner's complaint." "The legislative intent was not to abolish the distinctive features of good pleading, but to authorize a simplified and concise form of a petition applicable to certain actions. These forms were permissive, and not obligatory. *Hilliard* v. *Connelly,* 7 *Ga.* 172, 176. While not intending to repeal the form of statement of the cause of action according to the rules of the common law, the statu-

tory forms were allowable as a substitute. It could hardly have been the legislative purpose to devise a substantially different form of pleading, so as to require the averment of certain facts, if the petition was framed after the common-law standard, and excuse the averment of the same facts if the petition was in the statutory form. Such a system would have been confusing, and would have led to absurdities. On the other hand, the legislative object in prescribing simpler forms of petition must have been that the allegations of the various statutory forms should be regarded as containing all the substantial and necessary averments of the common-law form for the same kind of action." *Dugas* v. *Hammond*, 130 *Ga.* 87 (60 S. E. 268). See, in this connection, *Floyd* v. *Morgan*, 60 *Ga. App.* 496 (bottom of p. 501). The petition alleges: "F. L. Breen . . the defendant herein, is in possession of the following property, to wit: *One warranty deed from J. S. Bagwell to A. A. Barfield being undated and conveying certain real estate known as* 144 *Pine St., N. E., in Atlanta*, Fulton County, Ga., of the value of Ten Thousand ($10,000) *Dollars* to which plaintiff claims title or a valuable interest therein and the right of possession. That said defendant refuses to deliver the above described property to petitioner or pay her the profits thereof. Plaintiff claims $_____ hire as follows _____. Wherefore, petitioner prays process requiring the defendant to appear at the next term of this court to answer petitioner's complaint." (Italics added). We think it obvious that the plaintiff claims title to the deed. The allegation that the plaintiff claims title to the deed is the equivalent of an allegation that the plaintiff has title to the deed itself. *Dugas* v. *Hammond*, supra. The part of the description which we have italicized in setting out the petition does not make the gist of the action one for real estate or respecting title to land, but is merely a part of the description of the deed possession of which is sought; or, to put another way, this description assists in identifying the paper or deed sought to be recovered. The petition sufficiently alleges the description of the deed, the personal property sought to be recovered, its value, that the plaintiff has title to the deed, and that the defendant refuses to deliver said deed to the plaintiff or to pay the profits thereof. *Macon & Western R. Co.* v. *Meador Bros.*, 67 *Ga.* 672;

*Sellers* v. *Sellers*, 76 *Ga. App.* 410 (46 S. E. 2d, 205). "When a plaintiff has rightly selected his remedy under the act of 1847 [Ga. L. 1847, p. 203] the pleadings which are necessary according to the common-law rules are, by legal contemplation, in his complaint." *Blue* v. *Ford*, 12 *Ga.* 46. Under the act of 1847, to simplify and curtail pleadings at law, "the declaration will be sufficient, if it pursues the form prescribed by the statute, and . . no additional averments are necessary to let in the proof necessary to a recovery." *Hotchkiss* v. *Newton*, 10 *Ga.* 566. The petition here is set out in orderly paragraphs, consecutively numbered, and the statutory form here used is adapted to the act of 1847 and the subsequent Pleading Act of 1887. *Dugas* v. *Hammond*, supra. "Our action of trover may be employed in any case in which replevin, detinue, or trover could be used at common law." *Mitchell* v. *Ga. & Ala. Ry.*, 111 *Ga.* 760, 762 (36 S. E. 971). The plaintiff, having rightly selected trover as his remedy, and having chosen the form of the action prescribed by section 2 of the act of 1847, all proof which would be admissible at common law for trover, detinue, or replevin would be admissible under this petition, it being in the statutory form, as we have said. *Macon & Western R. Co.* v. *Meador Bros.*, supra; *Dugas* v. *Hammond*, supra.

The instant case is distinguished from *Dobbs* v. *First Nat. Bank of Atlanta*, 65 *Ga. App.* 796 (16 S. E. 2d, 485), in that in this case the petition follows the form prescribed and permitted by the act of 1847, and in the form used the plaintiff makes a simple direct statement that the plaintiff has title to the deed in question, the possession of which is asked for in the petition, alleges its value, and alleges that the defendant refuses to deliver such deed to the plaintiff or pay her the profits thereof. It thus accurately follows the form prescribed by the act of 1847. No additional averments are necessary to let in the proof necessary to a recovery. *Hotchkiss* v. *Newton*, supra. In the *Dobbs* case, the plaintiff was pleading additional evidentiary facts, which, taken in connection with the other facts alleged, "make a case, not for the recovery of a deed which has been delivered but for the purpose of testing the delivery of the deed, without which delivery the deed would be ineffectual to pass the title to the land described therein. In such event delivery of the deed is

essential to pass title. Therefore, this action involves a suit respecting title to land." *Dobbs* v. *First Nat. Bank of Atlanta*, supra, at page 800. In the *Dobbs* case, the petition, by stating the cause of action with greater particularity than was necessary, showed on its face that it was an action respecting title to land— what, in the event of the plaintiff's having used the statutory form (as was accurately followed in the instant case), would not have developed until the evidence was presented. *Lewis* v. *Amorous*, 3 *Ga. App.* 50, 53 (59 S. E. 338). The petition in the instant case is not subject to general or special demurrer by the will of the legislature as expressed in the statute, and the court did not err in overruling the demurrers filed to the petition.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*