33167. BREEN *v.* BARFIELD, administratrix.

DECIDED JULY 14, 1950. REHEARING DENIED JULY 31, 1950.

*Winfield P. Jones,* for plaintiff in error.

*William S. Shelfer, William F. Buchanan, Mary J. Nelson,* contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ The defendant relies upon *Dobbs* v. *First National Bank of Atlanta,* 65 *Ga. App.* 796 (3), which holds as follows: "Trover in this State takes the place of replevin and detinue at common law, and, in the case of deeds where such action is available, involves only the conversion of the res in question, and does not extend to include the title to land of which the deed is only evidentiary. If the title to the land under the petition is the primary purpose of the suit, and not the title to the deed itself, the Civil Court of Fulton County is without jurisdiction." It was there held that the allegations of the petition, one of them being that the value of the deed is placed at $2500 (the value of the land also being alleged to be $2500) showed that the purpose of the suit was to test delivery of the instrument. "It would seem clear that the action, so far as the allegations of the petition are concerned (we do not mean to intimate what the evidence might show) make a case, not for the recovery of a deed which has been delivered, but for the purpose of testing the delivery of the deed, without which delivery the deed would be ineffectual to pass the title to the land described therein. In such event delivery of the deed is essential to pass title. Therefore, this action involves a suit respecting title to land."

The petition in the case at bar was in the "Jack Jones" form and contained no evidentiary matter. It was held by this court on appeal from the judgment overruling the demurrer (*Breen* v. *Barfield,* 80 *Ga. App.* 615) based on the *Dobbs* case, as follows: "In the *Dobbs* case, the petition, by stating the cause of action with greater particularity than was necessary, showed on

its face that it was an action respecting title to land—what, in the event of the plaintiff's having used the statutory form (as was accurately followed in the instant case) would not have developed *until the evidence was presented.*" (Italics ours.) We now have the evidence before us, and can come to no other conclusion than that the purpose of the bail-trover proceeding (which alleges the value of the deed to be the same amount as the evidence shows the value of the property to be) is to test (1) whether the delivery of the deed was conditional upon the deceased paying back the alleged debt of $3000, (2) whether the deceased instructed his wife to return the deed to the grantor upon his death (in which event he did not himself consider the delivery complete) and (3) whether the deed was both conditionally delivered and delivered in blank, the names of the parties and description of the property being filled in after the alleged grantee's death. The evidence thus shows what the petition in the *Dobbs* case revealed on its face—that the suit is a means of adjudicating title to land, rather than a suit merely for the possession of the deed itself, as a valid deed and muniment of title. Since the sole purpose of the action as disclosed by the evidence was to test the issue of whether or not the deed had been delivered so as to effectively pass the title to the realty, title to realty is involved and the superior court has exclusive jurisdiction. The Civil Court of Fulton County is therefore without jurisdiction, and the case must be reversed on the general grounds and special ground 4 of the amended motion for a new trial, which complains of the direction of a verdict in favor of the plaintiff.

The remaining special grounds of the amended motion for a new trial are without merit.

The trial court erred in overruling the motion for a new trial as amended.

*Judgment reversed. MacIntyre, PJ., and Gardner, J., concur.*