## 36273. M. B. THOMAS AUTO SALES COMPANY, INC., v. ABNEY et al.

Decided November 5, 1956—Rehearing denied November 19, 1956.

*Bobby Lee Cook, Thomas J. Espy, Jr.,* for plaintiff in error.
*Robert Edward Surles,* contra.

GARDNER, P. J. This is the second appearance of this case here. *Abney* v. *M. B. Thomas Auto Sales Co.,* 93 *Ga. App.* 224 (91 S. E. 2d 189). It will be noted that this court reversed the trial court's overruling of a demurrer. The decision of this court, when the case was here before, went somewhat fully into the case as shown by the original petition. Before the remittitur was made the judgment of the trial court, the petitioner offered an amendment to the original petition. This amendment left out the objectionable allegations of the original petition as pointed out when the case was here before. Opposing counsel made a motion to strike the amendment and to sustain the demurrers filed to the original petition and to make the judgment of the Court of Appeals the judgment of the trial court. The order of the trial judge reads:

"The within and foregoing motion coming on regularly to be heard, and after argument of counsel, it is hereby ordered, adjudged and decreed that said motion be and hereby is sustained, thus making the remittitur of the Court of Appeals the judgment of this court, and the general demurrers of defendants, Associates Discount Corporation and Raymond Abney, d/b/a Abney Motors be and hereby are sustained and the petition of plaintiff be and hereby is dismissed. This 4th day of April, 1956 (Signed) M. G. Hicks, Judge, Superior Court, Rome Judicial Circuit presiding in the disqualification of John W. Davis, Judge, Superior Court, Lookout Mtn. Judicial Circuit."

It is on this judgment that the plaintiff in error brings the case here for review. Two questions are posed for our consideration: 1. Did the plaintiff in error have a legal right to amend the petition prior to the time the remittitur of the Court of Appeals was made the judgment of the trial court? 2. If question 1 is answered in the affirmative, then, did the court err in striking the amendment and in sustaining the demurrer?

As to the first question, this is covered by Code § 81-1301, which reads as follows: "All parties, whether plaintiffs or defendants, in the superior or other courts, whether at law or in equity, may at any stage of the cause, as matter of right, amend their pleadings in all respects, whether in matter of form or of substance, pro-

vided there is enough in the pleadings to amend by."

There are many decisions to the effect that when a judgment is reversed on demurrer, as in this case, the plaintiff has a right to amend the petition, provided there is enough in the pleadings by which to amend.

As to question (2) stated hereinabove, we are of the opinion that the court erred in striking the amendment, and in thereafter sustaining the demurrer to the original petition and thus dismissing the petition.

When the case was returned to the trial court the defendant filed an amendment to his original petition, which the court allowed in due time. Thereafter counsel for the defendant made a motion to strike the amendment on the following grounds: "(1). That there was nothing in original petition of plaintiff by which to amend as plaintiff sought to do in its amendment. (2). That said amendment seeks to set up a new and distinct cause of action. (3). That said amendment is not germane to the case stated in the original petition of plaintiff. (4). That said amendment seeks to abandon the cause of action set forth in the original petition and substitute another."

We believe that the judgment striking the amendment and dismissing the petition should be reversed for the following reasons: (1) A petition in trover drawn under the "Jack Jones" form is sufficient as against general demurrer, although the plaintiff by using such form of pleading thereby escapes the necessity of alleging certain evidentiary facts which, upon the trial of the case, it may become necessary for him to prove, and which, if proved, will defeat his right of recovery. See in this connection *Breen* v. *Barfield*, 80 *Ga. App.* 615 (56 S. E. 2d 791) and same case, 82 *Ga. App.* 204 (60 S. E. 2d 513). (2) A petition which is subject to general demurrer, as this one was on its first appeal to this court, because in addition to stating facts necessary to show a right of recovery in the plaintiff, it also stated additional facts negativing such right, is amendable by striking the material showing the illegality or insufficiency of the cause of action, and the striking of such allegations by amendment does not constitute a new cause of action. *Iteld* v. *Karp*, 85 *Ga. App.* 835 (70 S. E. 2d 378). (3) The petition in this case in its original form alleged that the plaintiff, Thomas Auto Sales Co., Inc., claims title to

certain described motor vehicles in the possession of Raymond Abney, d/b/a Abney Motors, who holds them as agent of the defendant Associates Discount Corp. by whom they were delivered to him, states the value of the property and its value for hire. The petition after amendment still states these same facts, which are sufficient under the "Jack Jones" form of pleading to set out a cause of action in trover against these defendants.

In its original form the petition also named Jim Mavity as a defendant and alleged facts which, by construction, showed that Mavity had in the first instance legally purchased the automobiles from the plaintiff, obtained title thereto, and thereafter delivered them into the possession of the other defendants. On appeal from this judgment, this court held that a petition alleging such facts negates the right to recover by the plaintiff against any of the defendants. See *Abney* v. *M. B. Thomas Auto Sales Co.*, 93 *Ga. App.* 224. It accordingly reversed the ruling of the trial court overruling the general demurrers to the petition. Before the remittitur of this court was made the judgment of the trial court the plaintiff amended by striking all allegations of the petition relating to Mavity (he having already been dismissed as a party defendant). This left a petition in the statutory or "Jack Jones" form against the remaining defendants.

The amendment was not subject to the objections urged against it. There was enough in the original petition by which to amend. See Code § 81-1302. The amendment did not set up a new cause of action. See *Iteld* v. *Karp*, 85 *Ga. App.* 835. It was germane to the trover action originally sought to be set out against the defendants Abney and Associates Discount Corporation, and did not constitute an abandonment of the cause of action set out against them. Accordingly, we hold that the trial court erred in sustaining the objections to the amendment and in dismissing the petition.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*