37166. HERRINGTON v. CASON GOINS, INC.

TOWNSEND, Judge. 1. A petition in trover following the statutory or Jack Jones form is not subject to demurrer. *Breen v. Barfield,* 80 *Ga. App.* 615 (56 S. E. 2d 791).

2. Allegations in a petition in trover for a check as follows: "A cashier's check drawn on the Fulton National Bank, same being check no. G-16332, dated November 8, 1957, and made payable to L. W. Bell and Cason Goins in the amount of $686.00 and executed by J. R. Paddison. The joint payee, L. W. Bell, endorsed said check at the request of Cason Goins, Inc., and has no interest in said check" all comprise parts of the description of the item of personal property sued for and accordingly do not remove the petition from the statutory form.

3. Although a petition as originally drawn may, because of certain allegations therein, be subject to general demurrer, after the defective matter is stricken by amendment or order of the court, if what remains sets forth a good cause of action it will not be subject to demurrer, as against which no consideration may be given to the portion stricken. *Iteld* v. *Karp,* 85 *Ga. App.* 835 (70 S. E. 2d 378). It follows that whether or not the allegations of paragraph 4 of the petition would, by pleading additional evidentiary matter which would have the effect of removing the petition from the statutory form, lay it open to demurrer when judged by the requirements of Code § 81-101, (see *Dobbs* v. *First National Bank of Atlanta,* 65 *Ga. App.* 796, 16 S. E. 2d 485), this paragraph was stricken on demurrer of the defendant, leaving the petition in all respects drawn under the statutory form.

4. It is contended by the plaintiff in error that allegations that the plaintiff here is Cason Goins, Inc., and that the check was made payable to Cason Goins must be construed to mean that the check is a bearer instrument under Code (Ann.) § 14-209 because it is "payable to the order of a fictitious or nonexisting living person not intended to have any interest in it, and such fact was known to the person making it so payable", and "the name of the payee does not purport to be the name of any person." It cannot be said, even construing the petition against the pleader, that the name "Cason Goins" does not purport to be the name of any person, nor that the maker knowingly made it payable to a fictitious person. It is per-

fectly possible that there should be an individual named Cason Goins and a corporation named Cason Goins, Inc., and whether or not this is true may be shown by proof upon the trial of the case. Also, it is legally possible for Cason Goins, Inc., to be the owner of the check in question although it was made payable to Cason Goins, and does not bear the latter's endorsement. Code § 14-420.

The trial court did not err in overruling the general demurrer to the petition.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED JUNE 23, 1958.

*Abraham J. Walcoff*, for plaintiff in error.

*Bullock, Yancey & Mitchell, Kyle Yancey, Harris Bullock*, contra.