38660.   ALLEN v. HARVEY MOTOR COMPANY.

278

Decided March 7, 1961.

*William D. Knight,* for plaintiff in error.

*Fred T. Allen,* contra.

Nichols, Judge. The plaintiff's original petition was in the statutory or "Jack Jones" form and was not subject to general demurrer (See *Breen v. Barfield,* 80 Ga. App. 615, 56 S. E. 2d 791; *Abney v. Thomas Auto Sales Co.,* 93 Ga. App. 224, 91 S. E. 2d 189; *General Motors Acceptance Corp. v. Jones,* 98 Ga. App. 391, 392, 106 S. E. 2d 67), and after the amendment to the petition by the plaintiff, a material amendment, the demurrer was not renewed. The original demurrer did not cover the petition as amended (See *Southern Bell Tel. & Tel. Co. v. Brackin,* 215 Ga. 225, 109 S. E. 2d 782), and the judgment overruling such original demurrer after material amendment was filed was not error. See *Moon v. Atlas Auto Finance Co.,* 101 Ga. App. 260 (113 S. E. 2d 462).

■ The sole remaining question for decision is whether the judgment overruling the motion for judgment for the defendant notwithstanding the verdict for the plaintiff was error.

*Code Ann.* § 110-113 provides in part: "Whenever a motion for a directed verdict, made at the close of all the evidence is denied, or for any reason is not granted, a party who has moved for a directed verdict, within 30 days after the reception of ver-

dict, may move to have the verdict and any judgment entered thereon set aside and to have judgment entered in accordance with his motion for directed verdict; or, if a verdict was not returned, such party, within 30 days after the jury before which the case was tried has been discharged may move for judgment in accordance with his motion for a directed verdict." It must be noted that such act provides that the movant may move to have the verdict and any judgment thereon set aside. It does not expressly state the form of such motion or the necessary parties thereto, but since it also, in some cases at least, provides for setting aside judgments it necessarily follows that those parties necessary to a motion to set aside a judgment are necessary parties to a motion to have a verdict and judgment set aside and a final judgment contrary thereto entered. In the case of *Sewell v. Anderson*, 197 Ga. 623 (3b) (30 S. E. 2d 102), dealing with an action to set aside a judgment, it was said: "Parties to the judgment under attack are necessary parties to a suit to set it aside." See also *Bullard v. Wynn*, 134 Ga. 636 (3) (68 S. E. 439). Therefore, an ex parte petition or motion to set aside a verdict and judgment and to have a contrary judgment entered is a nullity. The defendant's motion in the present case contained no rule nisi or prayer therefor nor was service acknowledged or waived by the plaintiff. While better practice may have required that the trial judge refuse to pass upon such motion, or to dismiss it, yet the judgment overruling such motion, which had the same effect, will not be reversed.

*Judgment affirmed. Felton, C. J., and Bell, J., concur.*