40296. CAPITOL ENTERPRISES, INC. v. MOORE.

PANNELL, Judge. A petition in trover brought by a plaintiff (Capitol Enterprises, Inc.) against a defendant (Henry T. Moore) alleging, "First: Henry T. Moore of said county, the defendant herein, is in possession of the following property, to wit: Wittnauer Camera and Projector serial number 34010 as described in a Conditional Sales Contract dated September 8, 1961 executed by said Henry T. Moore of the value of $443.88 to which plaintiff claims title or a valuable interest

therein and the right of possession. Second: That said defendant refuses to deliver the above described property to petitioner or pay it the profits thereof," is in conformity with what is known as the statutory or "Jack Jones" form of pleadings (Ga. L. 1847, p. 490), and is not subject to general demurrer. *Macon &c. R. Co. v. Meador Bros.*, 67 Ga. 672; *Dugas v. Hammond*, 130 Ga. 87 (60 SE 268); *Crews v. Roberson*, 62 Ga. App. 855 (1) (10 SE2d 114); *Breen v. Barfield*, 80 Ga. App. 615 (56 SE2d 791); *Greenwood v. Stewart*, 86 Ga. App. 764 (72 SE2d 539); *Hurt & Quinn, Inc. v. Keen*, 89 Ga. App. 4 (1), 5 (78 SE2d 345); *Abney v. Thomas Auto Sales Co.*, 93 Ga. App. 224 (2) (91 SE2d 189); *Herrington v. Cason Goins, Inc.*, 97 Ga. App. 747 (1) (104 SE2d 502); *Allen v. Harvey Motor Co.*, 103 Ga. App. 277 (1) (119 SE2d 50). The additional phrase, "as described in a conditional sales contract dated September 8, 1961, executed by Henry T. Moore," is what it purports to be, descriptive only, *Breen v. Barfield*, 80 Ga. App. 615, supra, and is not an additional allegation of evidentiary fact from which inferences may legitimately arise adverse to the plaintiff's right to recover; nor is the petition made ambiguous by such additional averments, nor are such allegations in direct conflict with the plaintiff's right of recovery, as was true in *Hurt & Quinn, Inc. v. Keen*, 89 Ga. App. 4 (2, 3), supra; *Abney v. Thomas Auto Sales Co.*, 93 Ga. App. 224 (3), supra; *General Motors Acceptance Corp. v. Jones*, 98 Ga. App. 391 (106 SE2d 67); nor would said allegation convert said action into an action in trover based on a conditional sales contract in which instance it would be necessary to allege a default by the defendant giving the holder a right to possession upon demand. See *American Nat. Bank &c. Co. v. Davis*, 104 Ga. App. 586 (122 SE2d 477).

It follows, therefore, that the trial judge erred in sustaining the general demurrer to the petition in the instant case.

*Judgment reversed. Bell, P. J., and Hall, J., concur.*

DECIDED OCTOBER 18, 1963—REHEARING DENIED OCTOBER 30, 1963.

*Doyle C. Brown, Andrew A. Smith, Marvin O'Neal, Jr.,* for plaintiff in error.

*Edwards, Bentley & Awtrey, A. Sidney Parker,* contra.