No. 50.—BENJ. H. CAMERON, plaintiff in error, *vs.* J. H. MOORE
and wife, defendants.

•

[1.] When the occupancy of the premises of the plaintiff is admitted by the
defendant, as also the plaintiff's title to them, and there is no agreement
as to the price of rent to be paid, the demand which the plaintiff holds
against the defendant is a claim existing in account, and is within the
provision of the Act of 1847. In a complaint for its recovery, the form
prescribed by the 4th section of the Act of 1847, is sufficient, and the
plaintiff may prove the value of the rent under it.

[2.] The forms prescribed by the Act of 1847, are not amendable, except so
far as to make them conform to the form laid down in the Act.

Complaint, in Troup Superior Court.   Tried before Judge
HILL, May Term, 1851.

This was an action of complaint, the declaration being in the
form prescribed for action on account by the Act of 1847.*

On the trial, the facts as agreed upon by the parties, were that
the defendant did use and occupy the house for which rent was
claimed, and for the time alleged ; and that it was the house of
plaintiff, but that there was no agreement as to what amount of
rent the defendant should pay, and that plaintiff expected and
relied on proving that the rent was reasonably worth fifty dollars
per annum, as charged in the account.

Counsel for defendant moved to dismiss the case, on the
ground that the action could not be maintained, under the form
prescribed by the Act of 1847, and that there must be aver-
ments of reasonable value, as required by the rules of English

---

* The following is the section of the Act of 1847, under which the action
is brought.

SECTION IV.   The form of an action on an account may be as follows, to
wit :
GEORGIA,   )
   County.   }        To the              *Court for said County.*
The petition of (A  B) sheweth  that (C  D) of said County, is indebted
to your petitioner            dollars, on an account, as will fully appear by
reference to a bill of particulars hereto annexed, which account the said
(C D) neglects to pay :  Wherefore your petitioner prays process may issue
requiring the said (C D) to be and appear at the next ——— Court, to be
held for said County, to answer your petitioner's complaint.

pleading. The Court sustained the motion, and plaintiff excepted; and at the same time moved to amend the declaration by inserting in the present form, the averments as required, and secondly, to add a *quantum valebant* count.

The Court refused the motion, on the ground that the declarations under the foim prescribed by the Act of 1847, were not amendable, and counsel for plaintiff excepted.

B. H. HILL, for plaintiff in error.

PRYOR, for defendant in error.

*By the Court.*—NISBET, J. delivering the opinion.

[1.] It is clear that the Act of 1847 makes a writ or complaint, in the form which it prescribes, a sufficient writ, in all cases within its provisions. The Legislature, beyond question, intended to dispense with the Common Law pleadings, and the pleadings which have grown up under our own Statute, and to say that in the cases enumerated, the form embodied in the Act should be a good declaration. Whether they have wisely so enacted, is not the question; the only question, these things being so, in this case, is this, to wit: is this case within the provisions of the Act of 1847? It is, as appears by the facts agreed upon, an action or complaint (I know not how to designate it) for the recovery of rent, when no note was given for the amount of the rent, and no agreement entered into as to the amount which the rentor was to pay. The pleader has adopted the form which the Act of 1847 prescribes for the recovery of money due on account, appending to that form a bill of particulars. The occupancy of the premises being admitted, and also the title to them in the plaintiff, without any agreement as to price to be paid, the demand which the landlord holds against the tenant, is a claim existing in account, and is therefore within the 4th section of the Act of 1847, and the plaintiff can prove it, by the will of the Legislature, as fully as he would be able to do, if the declaration contained all the counts known to the

law of pleadings.   Holding this, we hold that the Court erred in dismissing the suit.

[2.] No amendment, in this view of the matter, was necessary ; and if it was, we hold that these legislative forms are not amendable, except so far as to make them conform to the form laid down in the Statute.

Let the judgment be reversed.