1661. MOORE *v.* BOWER, trustee.

1, 2. The motions to dismiss the writ of error and the exceptions pendente lite, for reasons stated in the opinion, are without merit.

3. A summons duly issued under § 4116 of the Civil Code, with an attached copy of the account sued on, containing an itemized bill of particulars, is all that is required, in a suit in a justice's court, to inform the defendant of the plaintiff's cause of action, and of the nature of his demand.

4. Section 5043 of the Civil Code, requiring the payment of costs before the recommencement of a suit which has been dismissed or. discontinued, applies only where the two suits are identical both as to parties and cause of action.

·5. The exceptions to excerpts from the charge, on the ground that they contained an intimation or expression of opinion on the facts, are without merit. No error of law appears, and there is evidence to support the verdict.

Appeal, from Decatur superior court—Judge Spence. December 28, 1908.

Submitted February 25,—Decided June 15, 1909.

Rehearing denied July 31, 1909.

B. B. Bower brought suit in a justice's court to the January term, 1908, against Perry Moore, agent for his wife Eliza Moore, and Perry Moore individually, on an account for one half of the cost of putting up a fence, amounting to $95.62. A bill of particulars was attached to the summons, and showed specifically the cause of action and the items of the account. At the same term to which the suit was filed the plaintiff voluntarily dismissed it. Subsequently suit was brought to the February term of the justice's court upon the same account by B. B. Bower Sr., trustee, against Perry Moore Sr. individually, and as agent for his wife Eliza Moore, and against Eliza Moore. At the trial the plaintiff dismissed the suit as to Perry Moore Sr. individually, and as agent for his wife Eliza Moore; and the suit proceeded against Eliza Moore alone, and resulted in a judgment in favor of the plaintiff. The defendant appealed to a jury in the superior court. The defendant in the justice's court filed a demurrer to the summons, because jurisdiction was not therein alleged as to the person of the defendant, and because the cause of action was not set forth with sufficient definiteness by the summons and the bill of particulars thereto attached. The defendant also filed a plea in abatement, on the ground that the plaintiff, at the January term of the court, brought suit against the same defendants for

the same cause of action and then voluntarily dismissed the suit, and had brought the present suit without payment of the costs of the first suit, and without having made any affidavit in forma pauperis. The court overruled the demurrer and struck the plea in abatement, and the defendant filed exceptions pendente lite. The jury found in favor of the plaintiff. The defendant moved for a new trial, on the general grounds; because of certain rulings on the admission of testimony; because of certain instructions in the charge of the court to the jury, alleging that the contentions of the defendant were not fully and properly stated, and that in the excerpts set forth from the charge the judge expressed or intimated an opinion on the facts; and because of certain questions propounded by the judge to the witnesses, on the ground that such questions were leading and contained an intimation or expression of opinion on the evidence. The motion was overruled, and the defendant excepted.

The evidence showed, that plaintiff had erected a line fence between the land which he held as trustee and that of the defendant; that about eight or ten years before, the plaintiff had erected a fence between his land and that of the defendant, and that the new fence for which the suit was brought was built in the same place; and it was contended by the plaintiff that the defendant, through her husband acting as her agent, and in charge of her property, had agreed with the plaintiff that she would pay one half of the cost of erecting this fence. The fence was erected by the plaintiff within three or four hundred yards of the defendant's house, and it was admitted that it protected the defendant's land from the cattle. Plaintiff testified positively as to the agreement to pay one half of the cost of the fence. The defendant denied that her husband was her agent in the matter, or that she had ever consented, either by an agent or individually, to pay one half the cost of the fence. There was conflict in the evidence as to the agency of the husband. There was no conflict as to the fact that the fence was erected by the plaintiff, and no conflict as to its cost, or that it was beneficial to the estate of the defendant.

When the case was called in the Court of Appeals, the defendant in error moved to dismiss the bill of exceptions, because it was signed and certified by W. N. Spence, who at that time was not judge of the superior court, but whose term of office had ex-

pired, and there was no order by the clerk of the superior court designating him as the proper person to sign and certify the bill of exceptions as ex-judge, as required by law. The defendant in error also moved to dismiss the exceptions pendente lite, on the ground that the exceptions were not tendered, certified, and filed during the term of the court when the decisions complained of were made, nor within the time required by the statute, were not filed with the clerk of the court until after the filing of the motion and the amended motion for a new trial and the order of the judge refusing the same, and were therefore too late for consideration.

*W. H. Krauss,* for plaintiff in error.      *R. G. Hartsfield,* contra.

HILL, C. J. (After stating the facts.)

1. By the act of 1859 (Acts 1859, p. 50) it was provided that where the judge who tried the cause was not in office when the bill of exceptions was tendered, the clerk of the court should appoint and designate him by an order to sign and certify the bill of exceptions as ex-judge, and that he should sign and certify as "ex-judge." But the Code of 1895 (Civil Code, §5542) makes the order of the clerk, required by the act of 1859 unnecessary, nor does it require the ex-judge to sign and certify the bill of exceptions as such. This section provides simply that, "if the judge trying the cause resigns, or otherwise ceases to hold his office as judge, when the bill of exceptions is tendered he may nevertheless sign and certify." The bill of exceptions having been signed and certified by W. N. Spence, who this court judicially knows was the judge when this cause was tried and was ex-judge when the bill of exceptions was signed and certified by him, the motion to dismiss the writ of error is without merit.

2. An inspection of the record shows that the motion to dismiss the exceptions pendente lite is not well taken. The superior court adjourned within less than thirty days from the date of the ruling complained of, and the exceptions pendente lite were signed, certified, and filed within sixty days from the date of the ruling excepted to. This was in compliance with the act of 1898 (Acts 1898, p. 59).

The demurrer (so far as the errors assigned were concerned) was properly overruled, as the summons contained a statement of the cause of action and there was annexed to it a bill of particu-

lars showing specifically each item of the account sued on. We therefore think that the defendant was sufficiently informed of the plaintiff's demand against her. It is not necessary in a justice's court, in a suit on an account, that the plaintiff should file a declaration setting forth the cause of action as in courts of record; but if the summons states the cause of action generally, with a bill of particulars annexed, it is sufficient to inform the defendant as to the character and nature of the demand. *Hendrix v. Elliott,* 2 *Ga. App.* 301 (58 S. E. 495).

3. The plea in abatement was properly stricken by the court. The first suit was for the same cause of action as the second suit, but the parties plaintiff and defendant in the two suits were not the same. The requirement as to the payment of costs as a condition for the recommencement of a suit that has been dismissed or discontinued means that the second suit shall be identical with the first, identical as to the cause of action, and identical as to parties. The first suit in this case was brought by B. B. Bower as an individual, against Perry Moore. The second suit was brought by B. B. Bower Sr., as trustee, against Perry Moore Sr. individually, and against his wife Eliza Moore. A party who sues as an individual in the first suit, but sues as a trustee in the second, sues in a different capacity. It will also be seen that in the second suit the defendants were different. *White* v. *Moss,* 92 *Ga.* 244 (18 S. E. 13) ; *Doody Co.* v. *Jeffcoat,* 127 *Ga.* 302 (56 S. E. 421).

4. We have carefully examined the numerous assignments of error, attacking excerpts taken from the charge of the court, and the conduct of the court in the examination of witnesses, which, it is alleged, contained intimations or expressions of opinion on the facts. We do not think any of these exceptions are meritorious, but think that the charge, taken as a whole, fairly submitted to the jury the issues in the case, and that the judge nowhere violated the inhibition of the statute relating to an expression or intimation by him of an opinion on the facts. The evidence was in conflict. No material error was committed by the judge, and this court sees no reason why the verdict should be disturbed.

*Judgment affirmed. Russell, J., dissents.*