### 13481. GIBSON *v.* THE STATE.

BROYLES, C. J.  The verdict was authorized by the evidence and the overruling of the motion for a new trial was not error.

              *Judgment affirmed. Luke and Bloodworth, JJ., concur.*

              DECIDED JUNE 13, 1922.

Indictment for sale of liquor; from Seminole superior court — Judge Worrill. March 18, 1922.

*John E. Drake, W. V. Custer,* for plaintiff in error.

*B. T. Castellow, solicitor-general, R. R. Arnold, E. C. Hill,* contra.

---

### 13483. FOUCHÉ, administrator, *v.* TERRY.

BROYLES, C. J.  1. "The requirement as to the payment of costs as a condition for the recommencement of a suit that has been dismissed or discontinued means that the second suit shall be identical with the first, identical as to the cause of action, and identical as to parties. . . A party who sues as an individual in the first suit, but sues as a trustee in the second, sues in a different capacity." *Moore* v. *Bower,* 6 *Ga. App.* 450 (4), 453 (65 S. E. 328), and citations.

2. The instant suit was brought by the administrator of the estate of a deceased person, and, under the foregoing ruling, it was not subject to abatement for the reason that two former suits had been brought against the same defendant, and on the same cause of action, by all the heirs at law of the deceased person, and that the two former suits had been dismissed, and the plaintiff had failed to pay the costs of the same or to file a pauper affidavit before the institution of the present suit by the administrator.

3. The plea in abatement showing upon its face that the present suit was not identical with the former suits, the court erred in overruling the oral demurrer to the plea in abatement, and the further proceedings in the case were rendered nugatory.

              *Judgment reversed. Luke and Bloodworth, JJ., concur.*

              DECIDED JUNE 13, 1922.

Complaint; from city court of Ellaville — Judge Hart. February 6, 1922.

*W. D. Crawford,* for plaintiff.

*Shipp & Sheppard, C. R. McCrory,* for defendant.