28119.   CREWS *v.* ROBERSON.

856

Decided May 10, 1940. Rehearing denied July 25, 1940.

*H. A. Strickland, Thomas & Thomas,* contra.

MacIntyre, J. I. J. Roberson brought an action of bail-trover against W. L. Crews. His petition as amended alleged: "That W. L. Crews of said county is in possession of certain personal property, to wit: about six hundred and fifty (650) sticks of flue-cured tobacco, same being in weight about eight hundred (800) pounds of cured tobacco, of the value of two hundred and forty ($240) dollars; said described tobacco being part of the same that was planted, grown, gathered, and cured by W. L. Crews as a sharecropper of I. J. Roberson on said I. J. Roberson's farm in Wayne County, Georgia, during the year 1939, to which your petitioner claims title. That said W. L. Crews refuses to deliver above-described property to your petitioner or pay him the profits thereof. That the yearly value of said property is two hundred and forty ($240) dollars. Wherefore petitioner prays that process may issue, requiring the said W. L. Crews to be and appear at the next term of the city court of Jesup of said county, to answer petitioner's complaint."

The defendant demurred on the grounds that the petition set forth no cause of action against him, and that there was no such legal description of the property as to put him on notice of what property was claimed by plaintiff. The judge overruled the demurrer, and the defendant excepted.

■ In 1847 (Ga. L. 1847, p. 203) the legislature enacted into law a bill introduced by John A. Jones, a member of the legislature

from Paulding County, "to simplify and curtail pleadings at law." This act gave six forms which forms are sufficient writs or complaints in all cases within the provisions of the act. *Cameron* v. *Moore,* 10 *Ga.* 368, 369. The act declares that these writs are sufficient, "any law, usage, or practice to the contrary notwithstanding." Section 2 of that act prescribed a form for what is now known as a trover action, as follows: "That the form of an action for the recovery of personal property may be as follows, to wit: Georgia, —————————County. To the————————court for said county. The petition of (A. B.) sheweth that (C. D.) of said county, is in possession of a certain (here describe the property) of the value of—————————dollars, to which your petitioner claims title; that the said (C. D.) has enjoyed the profits of the same since————————; that the said—————————is of the yearly value of—————————dollars; and that the said (C. D.) refuses to deliver said—————————to your petitioner, or to pay him the profits thereof. Wherefore your petitioner prays process may issue, requiring the said (C. D.) to be and appear at the next—————————court to be held in and for said county, to answer your petitioner's complaint."

The declaration in the instant case pursues the form prescribed by the statute of 1847, section 2, and is sufficient. No additional averments are necessary to let in the proof necessary to a recovery. *Hotchkiss* v. *Newton,* 10 *Ga.* 560, 566. This is so by the will of the legislature. Where a practitioner seeks to adopt the simple form of pleading as provided in this act of 1847, let us not shackle him and lead him backward into the paths of repetitious, circumlocutionary, and verbose forms of common-law pleading against his will. *Floyd* v. *Morgan,* 60 *Ga. App.* 496, 499 (4 S. E. 2d, 91). Whether or not in our State we have appreciated the "Jack Jones" forms of simplified pleading, "the commissioners sent to this country from England, to look into the mysteries of American law reform, have transmitted a copy of this act home, and it now stands upon the statute book of the British Parliament as a law of the Realm." *Tuggle* v. *Wilkinson,* 17 *Ga.* 90, 91; *Floyd* v. *Morgan,* supra. "The 'Jack Jones' forms [of simplified pleading] were embodied into the New York Code of Procedure some fifty years ago, and of course credited to England. Perhaps one half of the States of the Union have adopted the New York Code in one or

858

another form, calling it 'Code Pleading,' and in Georgia they were law and practice long before the New York Code was framed. Thus the 'Jack Jones' forms prevail in more than half of the States of the Union · and throughout the world-broad empire of Britain." *Floyd* v. *Morgan*, supra.

It is evident that, in the nature of things, the end of pleading which should be obtained is the production of one or more points of issue where a single fact is affirmed by one party and denied by the other. At common law, beginning with the plaintiff, the parties alternately presented the statements of their contentions under distinct names, to wit, the plaintiff's declaration, the defendant's plea, the plaintiff's replication, the defendant's rejoinder, the plaintiff's surrejoinder, the defendant's rebutter, and the plaintiff's surrebutter; after which they had no distinctive names. Theoretically the function of each of these was to narrow the field of controversy until there evolved a. single point, affirmed on one side and denied on the other, called the *issue*, upon which the parties were to go to trial. The object was to develop the real issue. When the "Jack Jones" form of declaration or petition is used in a suit for personal property (trover), it does not set forth evidentiary facts as to how, where, and· when the plaintiff obtained title, but merely sets forth *the legal effect* of the preliminary evidentiary facts which is the ultimate fact (the real issue in the case), namely, that the plaintiff claims title to certain described personal property, and that the defendant is in possession thereof and refuses to deliver the property to the petitioner. It is a simple, direct statement of the ultimate fact which is determinative of the whole case, and by the will of the legislature, as expressed by the Jack Jones act of 1847, this is sufficient. "The plaintiff is not obliged to spread out his proof upon the record." *Gilmer* v. *Allen*, 9 *Ga.* 208 (3). He does not have to plead his evidence.

The defendant contends, that "that form [Gober's Form Book, ‾766] was suggested for use in the usual trover action, and not intended for use where the relation of the parties is shown to be that of landlord and cropper;" and that, there being "no allegation that the share-cropper had sold any of the crop without the landlord's consent, nor an allegation of any conversion whatsoever," the petition is fatally defective. It should be noted that "Whenever the relation of landlord and cropper shall exist, the title to and the

right to control and possess the crops grown and raised upon the lands of the landlord by the cropper shall be vested in the landlord until he shall have received his part of the crops so raised and shall have been fully paid for all' advances made to the cropper in the year said crops were raised to aid in making said crops." Code, § 61-502. "In all cases where a cropper shall unlawfully sell or otherwise dispose of any part of a crop, or where the cropper shall seek to take possession of such crops, or to exclude the landlord from the possession of said crops, while the title thereto remains in the landlord, the landlord shall have the right to repossess said crops by possessory warrant or by any other process of law by which the owner of property can recover it under the laws of this State." § 61-503. "Where the relation of landlord and cropper exists, the title to the crop vests in the landlord, and may be asserted by trover. In such a case the jury may find a verdict awarding the possession of the property in dispute to the plaintiff, and subjecting him to the prior payment of an indebtedness due by him to the defendant." *Cowart* v. *Dees,* 7 *Ga. App.* 601 (3) (67 S. E. 705). We should bear in mind that "In actions to recover the possession of chattels [trover], it shall not be necessary to prove any conversion of the property where the defendant is in possession when the action is brought." Code, § 107-101. See *Liptrot* v. *Holmes,* 1 *Ga.* 381. This contention is not meritorious. The petition in this case was brought under section 2 of the "Jack Jones" forms (Ga. L. 1847, p. 203), and presented to the court *the legal effect of the facts* of the case, without repetition, circumlocution, and verbosity; and the court did not err in overruling the general demurrer. See *Williams* v. *Mitchem,* 151 *Ga.* 227 (106 S. E. 284).

■ Judge Lamar, in *A. S. Thomas Furniture Co.* v. *T. & C. Furniture Co.,* 120 *Ga.* 879, 882 (48 S. E. 333), laid down this rule: "Of course, if the description is altogether general, and there is nothing in the writing by which the thing mortgaged can be separated from the general mass of similar articles, the requirement of the law is not met. To mortgage 'one horse' is absolutely indefinite. . . But 'one bay horse bought from J.' is far more particular, and limits the range of the parol evidence to the identification of a single animal." It appears from the facts in the cited case that "the A. S. Thomas Furniture Company sold to W. W.

Carr certain furniture under a conditional bill of sale as follows: 'I have this day purchased of the A. S. Thomas Furniture Company 1 dresser, one bed . . 4 chairs . . 2 lamps, at the price of $69.'" The court held that that description was sufficient. It might have well been said that "4 chairs" or "2 lamps" alone would have been too indefinite; but the court held that when the mortgage or conditional sale described the property as "4 chairs" and "2 lamps" as part of the property "this day purchased" of a named person, the petition limited the range of the parol evidence to the identity of the chairs and the lamps "this day purchased" from the named person, and that the description of the property was sufficient. See also *Charles* v. *Valdosta Foundry & Machine Co.*, 4 *Ga. App.* 733 (3) (62 S. E. 493) ; *Farmers Alliance &c. Co.* v. *McElhannon*, 98 *Ga.* 394 (25 S. E. 558). The property in the instant case was described in the petition as follows: "about six hundred and fifty (650) sticks of flue-cured tobacco, same being in weight about eight hundred (800) pounds of cured tobacco, of the value of two hundred and forty ($240) dollars; said described tobacco being part of the same that was planted, grown, gathered, and cured by W. L. Crews as a share-cropper of I. J. Roberson on said I. J. Roberson's farm in Wayne County, Georgia, during the year 1939." Therefore a description "650 sticks of tobacco" would not be sufficient; but where the description of "650 flue-cured sticks of tobacco" singles them out from the altogether general mass of sticks of tobacco, and limits the range of parol evidence to the identity of those 650 sticks of tobacco which are described as "being in weight about eight hundred (800) pounds of cured tobacco, of the value of two hundred and forty ($240) dollars; said described tobacco being part of the same that was planted, grown, gathered, and cured by W. L. Crews as a share-cropper of I. J. Roberson on said I. J. Roberson's farm in Wayne County, Georgia, during the year 1939," this description is sufficient; and if necessary, parol evidence would be admissible to show that these particular articles are included within the words of the description. The identification of the property is not to be left to evidence entirely foreign to the description in the petition, but the description in the petition limits the range of extrinsic evidence to the identification of one or more sticks of tobacco described in the petition. This description is fully as specific and definite as the

descriptions of the property in the above-cited cases. *Collins* v. *West,* 5 *Ga. App.* 429 (63 S. E. 540), *Seaboard Security Co.* v. *Goodson,* 51 *Ga. App.* 512 (180 S. E. 858), and *Teal* v. *Equitable Loan Co.,* 43 *Ga. App.* 673 (159 S. E. 904), are distinguishable from the instant case, in that the descriptions in those cases were altogether general, and there was nothing by which the things described could be separated from the general mass of similar articles, and the requirement of law was not met. The judge did not err in overruling the general demurrer.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*