31300. STANFIELD *v.* CRAWLEY.

DECIDED JULY 10, 1946.

80

*James H. Dodgen,* for plaintiff in error.

*Frank A. Bowers,* contra.

SUTTON, P. J. (After stating the foregoing facts.) The plaintiff in error contends that the judgment is without evidence to support it, in that there is nothing in the record· to authorize a finding that the defendant in error claimed title or any interest in the property sued for in the present action. While the defendant in error in his brief filed in this court states unequivocally that the conditional-sales contract was placed in evidence, this contract does not appear in the brief of evidence. It is well settled that, in case of a conflict between the recitals of fact in the brief of counsel and the facts as disclosed by the brief of evidence in the record, the brief of evidence controls.

The parol evidence was uncontroverted that the defendant purchased the automobile in question from the plaintiff under a conditional-sales contract, and the evidence authorized a finding that the purchase-price of the automobile had not been paid and was in default at the time of the institution of the trover proceedings. It is well-settled law that, where property is conveyed by a conditional-sales contract, the vendor retains title thereto until the purchase-price is paid and that, in case of default in the payment of the purchase-price, the vendor, or the holder of the conditional-sales

contract, may maintain trover to obtain possession of the property from one in possession of the same. In this connection, see the Code, §§ 67-1401, 107-102; *Scott* v. *Glover & Co., 7 Ga. App.* 182 (2) (66 S. E. 380); *Spiers* v. *Hubbard,* 12 *Ga. App.* 676 (78 S. E 136), and citations; *Wilson* v. *Owen,* 19 *Ga. App.* 159 (91 S. E. 233).

The judgment of the judge trying the case without a jury is supported by evidence and will not be disturbed by this court.

*Judgment affirmed. Felton and Parker, JJ., concur.*