32559. GEORGIA, ASHBURN, SYLVESTER & CAMILLA RY. CO. *v.* ATLANTIC COAST LINE RAILROAD CO.

DECIDED JULY 12, 1949. REHEARING DENIED JULY 30, 1949.

*Bob Humphreys, Custer & Kirbo,* for plaintiff in error.
*Bennet, Peacock & Perry,* contra.

TOWNSEND, J. (After stating the foregoing facts.) Although the plaintiff designates its action as one on open account, it nevertheless appears from the petition that the account grew out of a contract between the plaintiff and the alleged predecessors of the defendant. The action, therefore, is based on the alleged written contract.

Code § 81-105 provides as follows, "Copies of contracts, obligations to pay, or other writings, should be incorporated in or attached to the petition in all cases in which they constitute the cause of action, or the relief prayed for must be based thereon. In suits to recover money on an insurance policy it shall be necessary to attach a copy of only what appears upon the face or in the body of the policy. In suits on account a bill of particulars should be attached. In actions for the recovery of land the plaintiff must attach an abstract of his title."

In construing this Code section the court, in *Red Line Products Co.* v. *J. M. High Co.*, 53 *Ga. App.* 531 (186 S. E. 698), held as follows: "The first sentence of this section requires that contracts should be attached to the petition, even though the indebtedness is on an open account made in pursuance of the contract, and a bill of particulars is attached. *Southern Express Co.* v. *Cowan*, 12 *Ga. App.* 318 (77 S. E. 208). The failure to attach such contract renders the petition subject to special demurrer; and upon failure of the pleader to amend to meet such objection, the petition may be dismissed."

In that case it was held that the trial court erred in failing to sustain the special demurrer and dismiss the petition. That case parallels the case here even to the point of being based on an account growing out of a contract with a bill of particulars attached and made a part of the petition. See also *Southern Express Co.* v. *Cowan*, supra.

This court realizes the rule that failure to attach to the petition copies of contracts, obligations to pay, or other writings, relied on as the basis of the cause of action, is not good ground of special demurrer if such instruments are set forth in substance. However, here the contract which forms the basis of the action is referred to only as between the plaintiff and Flint River & Gulf Railway Company, alleged in the petition to have been the predecessor of the defendant. The petition quotes only one provision therefrom, as follows: "And whenever it shall be required by the public authorities of the State of Georgia, or it shall be deemed proper and advisable by the party of the first part, an interlocking plant, including the proper protection of the crossing interlocking signals and derailing switches shall be constructed and maintained at said crossing under the plan and direction of the said party of the first part. The cost of installation of said interlocking plant to be borne by the parties hereto in equal proportions, that is, half and half; but the cost of maintenance of said interlocking plant shall be at the sole cost of the said party of the second part. The said party of the second part will further alter and improve or erect new and improved signals upon demand of the party of the first part under the same terms as provided for

in the original installation." The petition elsewhere alleges that the consideration of the contract was the granting of the right-of-way to the alleged predecessor of the defendant over the right-of-way of the plaintiff.

The contract was introduced in evidence on the trial of the case, and reference to a copy thereof in the brief of evidence discloses that the quoted portion contained in the petition constituted only a part of paragraph 7. The contract contains ten paragraphs, and a cursory reading thereof discloses that it is not substantially set forth in the petition.

This court is also aware of the principle of law that, where a special demurrer is erroneously overruled, it will not bring about a reversal of the case if the reviewing court can with reasonable certainty say that no harm or injury resulted to the complaining party.

In a case such as the one herein considered, where the entire cause of action depends upon a written contract executed in 1906 between two railroads, one of which is no longer in existence, and where the contract itself is a lengthy document and only a small excerpt is quoted from it in the petition, this court cannot say with reasonable certainty that no harm or injury resulted to the complaining party by reason of the error of the trial court in overruling the special demurrer asking that it be annexed to the petition in accordance with Code § 81-105.

Counsel for the plaintiff rely, in connection with their contention that no harm was done by this error, on *Lyons v. Planters' Loan & Savings Bank,* 86 *Ga.* 485 (12 S. E. 882, 12 L. R. A. 155). There the demurrer was to the failure of the petition to set forth a record upon which a judgment had been rendered in another court, but the suit was not based altogether on the judgment in that case, but was an injunction proceeding against the encumbrance of certain property out of which the plaintiff in that action hoped to recover in the event the defendants proved insolvent. In no event was the action based on the record upon which the judgment in the other court was rendered.

*Steele v. Graves,* 160 *Ga.* 120 (127 S. E. 465), is also relied on in this regard. There a demurrer was interposed calling for many deeds and other instruments in writing in the chain of

title to real property, which had not been set forth. The Code section under consideration provides that abstracts of title shall be attached in actions for the recovery of land, but no provision is made for attaching copies of deeds in the chain of title. ,

The plaintiff also relies on *Swift & Co. v. First Nat. Bank of Barnesville,* 161 *Ga.* 544 (132 S. E. 99); There the demurrer was to the failure of the plaintiff to attach to the petition a copy of a final decree in an equity cause. That suit, however, was to modify the decree and was in opposition to the decree rather than based upon it.

Counsel for the plaintiff also rely on *Wrightsville & Tennille Ry. Co. v. Vaughan,* 9 *Ga. App.* 371. Headnote 5 in that case held as follows: "Where a special demurrer is well taken, and the court overrules it, the error is prima facie harmful, but not necessarily so. If the reviewing court can with reasonable certainty say that no harm or injury has resulted to the complaining party, a new trial will not be granted, notwithstanding an error of this nature may appear in the record; but, in the present case, the court cannot say that the error in overruling the special demurrers was harmless."

We have examined many other authorities holding along the same line as those relied on by counsel for the plaintiff, but none of them requires a conclusion different from that here reached. We think that *Red Line Products Co. v. J. M. High Co.,* supra, is controlling in the instant case, and that the judgment of the trial court overruling the special demurrer calling for the annexation of the contract to the petition is such error as requires the reversal of this case.

The trial court having erred in overruling the defendant's special demurrer, the further proceedings in the instant case were nugatory. See *Hamilton v. Kinnebrew,* 161 *Ga.* 495; *City of Albany v. Brown,* 17 *Ga. App.* 707.

*Judgment reversed. MacIntyre, P. J., and Gardner, J., concur.*