### 35567. WILLIAMS *et al. v.* APPLIANCES, INC.

FELTON, C. J. 1. A general assignment in a bill of exceptions which assigns error on the overruling of an oral motion to dismiss, in the nature of a general demurrer, on the ground that the ruling was contrary to law is a sufficient assignment of error. *Johnson* v. *Porter,* 115 *Ga.* 401, 403 (1) (41 S. E. 644); *Bennett* v. *Benton,* 162 *Ga.* 139 (133 S. E. 855); *Greenwood* v. *Greenblatt,* 173 *Ga.* 551 (161 S. E. 135); *O'Neal* v. *Miller,* 9 *Ga. App.* 180 (2) (70 S. E. 971). The motion to dismiss the writ of error is denied.

2. A motion to dismiss in the nature of a general demurrer may be made in a case marked "in default" at any time before verdict without opening the default, and a failure of the court to sustain the motion may be made the subject of a direct bill of exceptions. *O'Connor* v. *Brucker,* 117 *Ga.* 451 (3) (43 S. E. 731); *Thigpen* v. *Bituminous Cas. Corp.,* 67 *Ga. App.* 367 (20 S. E. 2d 213).

3. The designation "J. D. Robinson, Inc." connotes a corporate entity. *Minchew* v. *Nahunta Lumber Co.,* 5 *Ga. App.* 154 (62 S. E. 716).

4. The petition named J. D. Robinson, Inc. (which connotes a corporation), John B. Williams, and Doyle Healan as defendants. The bill of particulars showed that the materials sued for were sold to J. D. Robinson, Inc. Nothing in the bill of particulars refers to the defendants Williams and Healan. Since the plaintiff chose to amplify his petition by annexing a bill of praticulars, it is bound by the allegations contained therein. Exhibits attached to a petition control over its general allegations. *Hurt & Quinn, Inc.* v. *Keen,* 89 *Ga. App.* 4, 6 (2) (78 S. E. 2d 345). *Strickland* v. *Lowry National Bank,* 140 *Ga.* 653 (2) (79 S. E. 539). Since the exhibits showed that the items sued for were sold to the defendant J. D. Robinson, Inc., and there is nothing contained in the petition to show why the defendants Williams and Healan are liable for such items (see Code § 20-401 (2)), the petition failed to state a cause of action against the defendants Williams and Healan.

The court erred in denying the motions to dismiss the action.

*Judgment reversed. Quillian and Nichols, JJ., concur.*

DECIDED MARCH 8, 1955.

*J. N. Rainey,* for plaintiffs in error.
*Charles L. Henry,* contra.