37331. GENERAL MOTORS ACCEPTANCE CORPORATION *v.* JONES.

DECIDED SEPTEMBER 30, 1958—REHEARING DENIED OCTOBER 20, 1958.

*Rupert A. Brown,* for plaintiff in error.

*Guy B. Scott, Jr.,* contra.

NICHOLS, Judge. The plaintiff alleged that it is the owner of an automobile which is in the possession of the defendant, that the defendant came into possession of the automobile on about December 1, 1957, that demand has been made on the defendant and that the defendant refused to deliver such automobile, that the automobile was sold by Fincher Motors Inc., Miami, Florida, to B. J. Reynolds under a conditional-sale contract or contract retaining title in the seller, and that the seller, immediately after selling the automobile to Reynolds, transferred the conditional-sale contract to the plaintiff. A copy of the conditional-sale contract was attached to, and made a part of, the

petition. Other allegations were contained in the petition but are not necessary for a determination of the case.

"1. 'The issue in an action of trover is ordinarily one of title, and the gist of the action is conversion, that is to say, that the defendant has wrongfully deprived the plaintiff of possession. Where such a state of facts exists trover will lie.' *Tidwell* v. *Bush*, 59 *Ga. App.* 471, 472 (1 S. E. 2d 457), and citations. 2. A petition strictly following the statutory, or 'Jack Jones', form in an action of trover is not subject to general or special demurrer. *Breen* v. *Barfield*, 80 *Ga. App.* 615 (56 S. E. 2d 791), and citations. 3. Where, however, such a petition in statutory form is made ambiguous by additional averments of evidentiary facts, such a petition may become subject to special demurrer; or, if the additional evidentiary facts, properly construed most strongly against the pleader, are in direct conflict with the plaintiff's right of recovery in an action of trover, such a petition becomes subject to general demurrer. *Hurt & Quinn* v. *Keen*, 89 *Ga. App.* 4, 5 (78 S. E. 2d 345)." *Abney* v. *Thomas Auto Sales Co.*, 93 *Ga. App.* 224 (1, 2, 3) (91 S. E. 2d 189). "Exhibits attached to a petition control over its general allegations." *Williams* v. *Appliances, Inc.*, 91 *Ga. App.* 608 (4) (86 S. E. 2d 632). "It is well-settled law that, where property is conveyed by a conditional-sales contract, the vendor retains title thereto until the purchase-price is paid and that, in case of default in the payment of the purchase-price, the vendor, or the holder of the conditional-sales contract, may maintain trover to obtain possession of the property from one in possession of the same." *Stanfield* v. *Crawley*, 74 *Ga. App.* 79, 80 (39 S. E. 2d 88), and cases cited. "[A] defendant may always defend a trover action by showing that the plaintiff does not have title or right of possession." *Propes* v. *Todd*, 89 *Ga. App.* 308, 315 (79 S. E. 2d 346). Properly construed, this quotation from *Propes* v. *Todd* means that a defendant can always defend a trover action by showing that the plaintiff is not the owner and otherwise has no right of possession, or that the plaintiff is the owner but due to contract or otherwise has no right of possession.

Assuming but not deciding that the defendant had constructive notice of the conditional-sale contract, that such contract covered the automobile alleged to be in the defendant's posses-

sion, and that the plaintiff was the holder of such conditional-sale contract, applying the foregoing law to the facts alleged in the present case the plaintiff's petition was subject to general demurrer.

The contract gave the plaintiff legal title to the automobile but he had no right of possession unless the contract was breached. The contract provided in part: "Buyer shall keep said property free of all taxes, liens and encumbrances, and any sum of money that may be paid by seller in release or discharge thereof shall be paid on demand as an additional part of the obligation secured hereunder. Buyer shall not use said property illegally, improperly or for hire; and shall not, without express permission of seller, remove said property from the state or transfer or otherwise dispose of any interest in this contract or said property. . . In the event buyer defaults in any payment due hereunder, or fails to comply with any of the terms or conditions hereof, or a proceeding in bankruptcy, receivership or insolvency be instituted against the buyer or his property, or the seller deems the property in danger of misuse or confiscation, or in the event either that the buyer fails to comply with paragraph 2 (a) [Insurance] . . . the seller shall have the right, at his or its election, to declare the unpaid balance, together with any other amount for which the buyer shall have become obligated hereunder, to be immediately due and payable. Further in such event, seller or any sheriff or other officer of the law may take immediate possession of said property without demand. . ."

The petition nowhere alleged that the buyer (who is not the defendant) in any way breached the contract, and, unless there has been a breach of such contract, the plaintiff has no right of possession. A proper construction of the petition on general demurrer, most strongly against the pleader, requires a holding that no such breach took place, otherwise such breach would have been alleged, and the mere fact that it is alleged that the defendant is in possession of the automobile does not imply, on general demurrer, that a breach of the contract has occurred. Accordingly, the trial court did not err in sustaining the defendant's general demurrer and dismissing the petition.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*