## 39039, 39040. AMERICAN NATIONAL BANK & TRUST COMPANY v. DAVIS *et al.;* and *vice versa.*

EBERHARDT, Judge. 1. While a bill of sale to secure debt will support an action in trover (*Owens v. Bridges*, 13 Ga. App. 419, 79 SE 225; *Conner v. Farmers & Merchants Bank*, 25 Ga. App. 388, 103 SE 474; *Piedmont Agricultural Credit Corp. v. Northeastern Banking Co.*, 51 Ga. App. 571, 181 SE 84; *Stanfield v. Crawley*, 74 Ga. App. 79, 80, 39 SE2d 88), it is necessary to allege in the petition a default by the maker giving the holder the right of possession, and in the absence of such an allegation the petition is subject to general demurrer and the overruling thereof was error. *General Motors Acceptance Corp. v. Jones*, 98 Ga. App. 391 (106 SE2d 67).

2. Since we have held the overruling of the general demurrer to have been error, all proceedings thereafter had were nugatory. *State Highway Dept. v. Reed*, 211 Ga. 197 (4) (84 SE2d 561); *Poole v. McEntire*, 209 Ga. 659 (3) (75 SE2d 20); *Millender v. Looper*, 82 Ga. App. 563 (61 SE2d 573); *Georgia A. S. & C. Ry. Co. v. A. C. L. R. Co.*, 79 Ga. App. 837 (2) (54 SE2d 492).

*The judgment is reversed on the cross-bill of exceptions in which error is assigned upon the overruling of the general demurrer; and the main bill is dismissed. Carlisle, P. J., and Nichols, J., concur.*

DECIDED SEPTEMBER 26, 1961—REHEARING DENIED
OCTOBER 5, 1961.

*John D. Edge*, for plaintiff in error.
*James B. Langford*, contra.

ON MOTION FOR REHEARING.

EBERHARDT, Judge. It is contended that since the legislature made provision as to the form of an action for the recovery of personal property in what is known as the "Jack Jones Forms," by the act of 1847 (Ga. L. 1847, p. 490) and now found in the Annotated Code under Title 81, part I, there was no necessity here for alleging that the defendant had defaulted in his obligations under the bill of sale to secure debt, a copy of which was attached to the petition. The contention is without merit. First, a bill of sale to secure debt was unknown to our law until the act of 1871-2 (Ga. L. 1871-2, pp. 44, 45; 1872, p. 47; 1884-5, p. 57; 1924, p. 56), now *Code* §§ 67-1301, 67-1302, was adopted, and hence was not before the legislature when it adopted the Jack Jones Forms. Secondly, plaintiff here attached a copy of the bill of sale to secure debt upon which he relied for recovery to the petition as an exhibit. The bill of sale to secure debt, unless in default, places the right of possession to the chattel in the maker. By its terms the grantee may proceed to obtain possession only "in case of default in the payment of the note, or any installment thereof, or any extensions or renewals thereof, or any indebtedness secured hereby, or if the borrower shall fail to keep or perform any of the covenants, stipulations and agreements herein contained . . . ," or unless certain other stated conditions should occur. Where plaintiff relies for recovery upon an exhibit to the petition he is bound by its provisions. *Equitable Credit &c. Co. v. Murray*, 79 Ga. App. 795 (2) (54 SE2d 650) ; *Atlanta Journal Co. v. Doyal*, 82 Ga. App. 321, 325 (60 SE2d 802) ; *Harris v. Ackerman*, 88 Ga. App. 128(1) (76 SE2d 132) ; *Williams v. Appliances, Inc.*, 91 Ga. App. 608 (86 SE2d 632) ; *Dell v. Kugel*, 99 Ga. App. 551 (14) (109 SE2d 532). Consequently, in the situation here unless plaintiff does allege a default by the defendant in his obligations under the bill of sale to secure debt, or the existence of some other condition provided therein under which it would be entitled to have possession of the chattel described therein, it must follow that the petition—even though substantially in the Jack Jones Form—sets out no cause of action and is subject to a general demurrer. Our holding here is in no way in conflict with *Crews*

588

*v. Roberson,* 62 Ga. App. 855 (10 SE2d 114) where the plaintiff did not rely upon a bill of sale to secure debt or other security instrument.

*Motion for rehearing denied. Carlisle, P. J., and Nichols, J., concur.*