### 40826. PURSER et al. v. CHARLES S. MARTIN DISTRIBUTING COMPANY, INC.

FRANKUM, Judge. This is a trover action brought to recover certain personal property alleged to be in the possession of the defendants, to which the plaintiff claims title. Attached to the petition is a bill of particulars listing the date, invoice number, description of the property, amount (sales price), the amount paid down on each item, if any, and the balance owing thereon. The defendants filed general demurrers to the petition which were overruled, and that judgment is one of the exceptions here.

1. Construing the petition most strongly against the plaintiff, as we are bound to do on general demurrer, it is fairly inferable from the petition that the plaintiff claims title to the property by virtue of a bill of sale to secure debt or a title retention contract, as it is apparent from the petition that the indebtedness set forth arose by virtue of a sale by the plaintiff to the defendants of the personal property described in the bill of particulars. "While a bill of sale to secure debt will support an action in trover (*Owens v. Bridges,* 13 Ga. App. 419, 79 SE 225; *Conner v. Farmers & Merchants Bank,* 25 Ga. App. 388, 103 SE 474; *Piedmont Agricultural Credit Corp. v. Northeastern Banking Co.,* 51 Ga. App. 571, 181 SE 84; *Stanfield v. Crawley,* 74 Ga. App. 79, 80, 39 SE2d 88), it is necessary to allege in the petition a default by the maker giving the holder the right of possession, and in the absence of such an allegation the petition is subject to general demurrer and the overruling thereof was error. *General Motors Acceptance Corp. v. Jones,* 98 Ga. App. 391 (106 SE2d 67)." *American Nat. Bank &c. Co. v. Davis,* 104 Ga. App. 586 (1) (122 SE2d 477). The petition in this case contains no allegation of a default by the maker of any bill of sale to secure debt or title retention contract, and it was, therefore, error under the foregoing ruling for the trial court to overrule the general demurrer.

2. "Since we have held the overruling of the general demurrer to have been error, all proceedings thereafter had were nugatory. *State Highway Dept. v. Reed,* 211 Ga. 197 (4) (84 SE2d 561); *Poole v. McEntire,* 209 Ga. 659 (3) (75 SE2d 20); *Millender v. Looper,* 82 Ga. App. 563 (61 SE2d 573); *Georgia A. S. & C. R. Co. v. A. C. L. R. Co.,* 79 Ga. App.

837 (2) (54 SE2d 492)." *American Nat. Bank &c. Co. v. Davis,* 104 Ga. App. 586, supra. However, since counsel for the plaintiff may amend the petition before the remittitur from this court reaches the trial court, and thus meet the defects pointed out above, *Southeastern Wholesale Furniture Co. v. Atlanta Metallic Casket Co.,* 84 Ga. App. 271, 274 (1a) (66 SE2d 68), it will be necessary to consider two other assignments of error of the defendant Newby.

3. In a plea in abatement filed by defendant Newby it is contended that the suit here is a renewal of a former suit filed in the same court for the same cause of action and between the same parties, and that the plaintiff did not prior to the commencement of this suit either pay the costs in the former suit or make an affidavit of plaintiff's inability to pay the costs as required under the provisions of *Code Ch.* 3-5. This plea shows on its face, when considered with the exhibit attached thereto, that the plaintiff in the instant case is "Chas. S. Martin Distributing Company, Inc," while the plaintiff in the former action was "Chas. S. Martin Distributing, Inc." The provisions of *Code* § 3-508 are applicable only where the two suits are identical as to parties and cause of action. *Moore v. Bower,* 6 Ga. App. 450 (4), 453 (3) (65 SE 328); *Fouche v. Terry,* 28 Ga. App. 637 (1) (112 SE 734). It cannot be said, as a matter of law, that "Chas. S. Martin Distributing Company, Inc." is the same corporation as "Chas. S. Martin Distributing, Inc." Therefore, since it does not affirmatively appear from the record before this court that the parties plaintiff in the two suits are the same, the record does not show that the trial court erred in overruling Newby's plea in abatement.

4. The prayer for process in the petition was "that process may issue on the original and second original requiring each of the defendants to be and appear in Houston County in answer to this suit on return day as fixed by the filing and service of this petition." The process issued commanded the defendants to be and appear at the superior court to be held in Houston County "within 30 days from the date of service of the within petition upon each defendant as shown by entry of the serving officer set forth below." It will thus be seen that while the process which was issued was in compliance with the law as provided in *Code Ann.* § 81-201, the plaintiff did not pray for process in that form. Defendant Newby filed what

he denominated a "second plea in abatement," but which in reality and in fact was a motion to quash the process. It is fundamental that the clerk has no authority to issue a process such as was prayed for in the petition. *Seaboard Air Line R. Co. v. Hollomon,* 95 Ga. App. 602, 603 (98 SE2d 177). A process which conforms to the requirements of *Code Ann.* § 81-201 issued in response to a prayer such as the prayer in this case is defective and is subject to a motion to quash. *Burrow v. Dickerson,* 108 Ga. App. 178, 180 (1a) (132 SE2d 550) and cits. This is a matter which may be waived and is cured by the defendant's appearance, pleading to the merits, and permitting a final judgment to be taken against him. *Malcom v. Knox,* 81 Ga. App. 579 (59 SE2d 542). The trial court erred in overruling the motion of the defendant Newby to quash the process as to him. Since the defendant Purser did not raise this point, he will be deemed to have waived any defects in the process insofar as they affected him.

*Judgment reversed. Felton, C. J., and Pannell, J., concur.*

DECIDED DECEMBER 3, 1964.

*George Kushinka, Davis & Friedin, Roy B. Friedin,* for plaintiffs in error.

*Charles L. Henry, Joel A. Willis, Jr.,* contra.