**40862. SOUTHERN HOME CONTRACTORS, INC. et al. v. ROYAL et al.**

FRANKUM, Judge. 1. The petition, as finally amended, purports to set forth a cause of action on open account against "Southern Home Contractors, Inc.," "Home Finance Company," and "R. R. McLarty." However, attached to the petition is a bill of particulars in the form of several invoices, each of which shows that the materials alleged to have been purchased by the defendants named in the petition were in fact "Sold to Southern Home Contractors, Conyers, Ga.," and delivered to "same." When considered on general demurrer and construed most strongly against the plaintiff, the amended petition thus fails to show that the materials were sold to or delivered to and received by any of the defendants named therein, and no liability on the part of any of the defendants named is shown. *Williams v. Appliances, Inc.*, 91 Ga. App. 608 (4) (86 SE2d 632).

2. Whether or not the second amendment, which struck from the petition the name of "Southern Home Contractors of Alabama, Inc." as defendant and added in lieu thereof the name of "Southern Home Contractors, Inc.," was subject to the demurrer thereto on the ground that it attempted to substitute one party defendant for another party defendant is not presented since the subsequent amendment to the petition alleges that the use of "Southern Home Contractors of Alabama, Inc." in the place of "Southern Home Contractors,

Inc." in the original petition was a misnomer. And the sufficiency of this allegation is not drawn in question by demurrer.

3. The grounds of demurrer to the allegations of the amended petition respecting the interlocking corporate connection of the defendant corporations, the interest therein of the individual defendant named in the petition, and the unjust enrichment of the second corporate defendant and of the individual defendant because of the failure of the first corporate defendant to pay the indebtedness allegedly sued on should have been sustained, inasmuch as these allegations were vague and indefinite and were conclusions of the pleader unsupported by any facts alleged.

4. The court erred in overruling the general demurrer to the amended petition and all of the grounds of special demurrer filed to the last amendment thereto.

*Judgment reversed. Felton, C. J., and Pannell, J., concur.*

DECIDED JANUARY 5, 1965.

*Thurmond, Hester, Jolles & McElmurray, Isaac S. Jolles,* for plaintiffs in error.

*Hull, Willingham, Towill & Norman, A. Rowland Dye,* contra.