### 42015. FERENCE v. LACY.

JORDAN, Judge. The plaintiff filed a negligence action against the defendant on December 30, 1964, to recover damages for personal injuries allegedly sustained by him on April 30, 1962. The defendant filed an oral motion in the nature of a general demurrer to dismiss the petition on the ground that it affirmatively disclosed that the plaintiff's suit was barred by the statute of limitation. This motion was denied and the case proceeded to trial, the jury returning a verdict in favor of the plaintiff. The defendant filed motions for new trial and for judgment notwithstanding the verdict which were denied, and he appealed to this court, enumerating as error the denial of these motions and the denial of his antecedent motion to dismiss the petition. *Held:*

The period of limitation in which to bring this action was two years (*Code* § 3-1004); and since the petition showed on its face that this suit was not brought within that time, the petition was subject to the defendant's oral motion to dismiss expressly based upon the bar of the statute of limitation unless the plaintiff "clearly, plainly and distinctly plead[ed] facts which will bring him within . . . exception" to the operation of the statute. *Wallace v. Eiselman,* 219 Ga. 595, 596 (134 SE2d 807). In this regard the petition alleged that the plaintiff was rendered insane because of serious brain damage received in the occurrence complained of and that such insanity made him mentally incapable of conducting his business affairs and of prosecuting this action until December

1, 1963. The petition did not, however, allege any facts showing why the plaintiff could not have instituted this action between December 1, 1963, and April 29, 1964, a period of approximately five months between the date his alleged mental incapacity ceased and the expiration date of the two-year period of limitation; and in the absence of such showing, the fact that the plaintiff was temporarily mentally incapacitated as the result of the injuries sustained by him in the occurrence complained of, would not excuse his failure to bring this action within the applicable period of limitation. *Lowe v. Bailey,* 112 Ga. App. 516 (145 SE2d 622); *Davis v. Hill,* 113 Ga. App. 280 (3) (147 SE2d 868); *Wallace v. Eiselman,* 219 Ga. 595, supra.

The trial court erred therefore in denying the defendant's oral motion to dismiss the petition, and such error rendered the subsequent proceedings in this case nugatory. *State Hwy. Dept. v. Reed,* 211 Ga. 197 (4) (84 SE2d 561); *Poole v. McEntire,* 209 Ga. 659 (3) (75 SE2d 20); *American Nat. Bank &c. Co. v. Davis,* 104 Ga. App. 586 (122 SE2d 477); *Purser v. Chas. S. Martin Distributing Co.,* 110 Ga. App. 768 (140 SE2d 75).

*Judgment reversed. Bell, P. J., and Eberhardt, J., concur.*

ARGUED MAY 4, 1966—DECIDED MAY 25, 1966—
REHEARING DENIED JUNE 21, 1966—

*Marcus Calhoun, Forester & Calhoun,* for appellant.

*Alexander, Vann & Lilly, Heyward Vann, Roy M. Lilly,* for appellee.