## 23671. LACY v. FERRENCE.

ARGUED OCTOBER 10, 1966—DECIDED OCTOBER 20, 1966.

*Alexander, Vann & Lilly, Heyward Vann, Roy M. Lilly,* for appellant.

*Forester & Calhoun, Marcus B. Calhoun, F. L. Forester,* for appellee.

GRICE, Justice. We determine here whether insanity of the plaintiff tolled the statute of limitation applicable to this action.

Roger Wendell Lacy filed his petition in the Superior Court of Grady County against Dr. John A. Ferrence, reciting personal injuries allegedly sustained on April 30, 1962, as the result of the negligence of one of the defendant's employees while acting within the course of his employment. His petition, later amended, also alleged that because of the serious brain injury thereby received, the plaintiff immediately, on the day of the injury, became insane so as to render him incapable of conducting his business affairs and of filing this action, and that such insanity continued until December 1, 1963. This suit was filed on December 30, 1964.

The defendant moved to dismiss the petition upon the ground that it affirmatively showed that the suit was barred by the statute of limitations. This motion was denied. The trial resulted in a verdict for the plaintiff, after which the defendant's motions for judgment notwithstanding the verdict and for new trial were also denied.

Upon review the Court of Appeals reversed the denial of the motion to dismiss. *Ference v. Lacy,* 113 Ga. App. 848 (149 SE2d 734). We granted certiorari.

The substance of the ruling of the Court of Appeals complained of was that, notwithstanding the plaintiff's alleged insanity from the injury on April 30, 1962, until December 1, 1963, his petition did not allege any facts showing why he could not have filed suit within the five-month period between the

removal of his insanity on December 1, 1963, and the expiration of the two-year statutory limitation on April 29, 1964, and in the absence of such showing, his temporary mental incapacity would not excuse his failure to bring the action within the applicable period of limitation.

We regard this ruling as contrary to the import of statutes which toll, in favor of persons under disability, the time limitations for the bringing of actions.

The statute of limitation applicable to the action here is *Code Ann.* § 3-1004: "Actions for injuries to the person shall be brought within two years after the right of action accrues . . ."

Tolling the running of that two-year limitation are the following provisions: "Infants, idiots, or insane persons, or persons imprisoned who are such when the cause of action shall have accrued, shall be entitled to the same time after the disability shall have been removed, to bring an action, as is prescribed for other persons" (*Code* § 3-801); and "If either of the foregoing disabilities shall happen after the right of action shall have accrued, and shall not be voluntarily caused or undertaken by the person claiming the benefit thereof, the limitation shall cease to operate during its continuance." *Code* § 3-802.

These two provisions recognize certain circumstances which require the postponement of the running of such limitations and the suspension of their running. They stop the clock during the specified disabilities.

In the case at bar the plaintiff's allegations are that he became insane due to serious brain injury. His allegations as to insanity are sufficient. The fact that the plaintiff also alleged that he was physically incapacitated did not lessen the effect of the allegations as to insanity.

Under such circumstances, time did not begin to run against him until the removal of his insanity on December 1, 1963, and from that date he had the full two years to bring his action.

Why he did not sue on some date between the removal of his insanity on December 1, 1963, and the expiration of two years from the date of his injury on April 29, 1964, is immaterial. The law (*Code* §§ 3-1004, 3-801, 3-802, supra) gave him the benefit

of two years time exclusive of the duration of his insanity in which to sue. He was not required, in order to avoid dismissal, to allege any explanation of why he did not sue earlier. Such a requirement would cause him to have less than two years opportunity, as a sane person, to protect and assert his right of action.

We regard this conclusion as manifest from the wording of the two codal provisions, §§ 3-801 and 3-802, supra. For further treatment of this subject, see *Dicken v. Johnson,* 7 Ga. 484 (4); *Brown v. Carmichael,* 149 Ga. 548, 552-553 (101 SE 124); *Royal Indemnity Co. v. Agnew,* 66 Ga. App. 377 (18 SE2d 57); 9 Enc. Dig. Ga. Reps., pp. 30-31.

For the reasons stated, the judgment of the Court of Appeals is

*Reversed. All the Justices concur.*