### 42015. FERRENCE v. LACY.

JORDAN, Judge. 1. The judgment of this court reversing the trial court's refusal to dismiss the petition as barred by the statute of limitation (*Ference v. Lacy,* 113 Ga. App. 848 (149 SE2d 734)), has been vacated pursuant to the decision of the Supreme Court in *Lacy v. Ferrence,* 222 Ga. 635 (151 SE2d 763). The judgment of that court is made the judgment of this court. Accordingly, the petition shows a cause of action which, because of the alleged mental incapacity of plaintiff until December 1, 1963, was sufficient to withstand the defendant's motion to dismiss.

2. While there is ample evidence in the record to sustain the fact of lost earnings, in that plaintiff worked regularly before his injury and was extensively hospitalized thereafter, and when not hospitalized was subject to his doctor's instructions limiting his activities, and unable to work, the record is devoid of any evidence of guidelines to enable the jury to compute the reasonable value of lost earnings or diminished earning capacity. In this light the instructions of the trial judge that the jury could determine, upon a finding of liability, the reasonable value of lost earnings and diminished earning capacity, were unauthorized by the evidence and may have improperly influenced the jury to include in the verdict an amount representing lost earnings and diminished earning capacity. Accordingly, the trial judge erred in refusing to grant a new trial for the reasons shown in ground 6 of the

amended motion. *Atlantic C. L. R. Co. v. Anderson,* 35 Ga. App. 292 (4) (133 SE 63); *City of Atlanta v. Jolly,* 39 Ga. App. 282 (1) (146 SE 770). Enumerated errors 5 and 6 raise substantially the same issue and require no further ruling.

3. The evidence, though slight, authorized the finding of mental incapacity for a period sufficient to prevent the running of the statute of limitation before the action was commenced, and further showing that plaintiff's injuries were caused by the negligence of an employee of defendant, that plaintiff underwent extensive and costly medical treatments, including the removal of portions of his skull and the placing of a protective metal plate on his head, and that he has endured much pain and suffering, the trial judge did not err in refusing to grant defendant's motion for a directed verdict, judgment n.o.v., and a new trial on the general grounds.

4. Enumerations of error and special grounds of the motion for new trial not supported in the brief by citation or argument are treated as abandoned.

*Judgment reversed. Bell, P. J., and Eberhardt, J., concur.*

DECIDED NOVEMBER 29, 1966.

*Forester & Calhoun, Marcus Calhoun,* for appellant.

*Alexander, Vann & Lilly, Heyward Vann, Roy M. Lilly,* for appellee.