43125. SOUTH COBB BUILDERS SUPPLY, INC. v. SOUTHERN CONCRETE PRODUCTS COMPANY.

SUBMITTED OCTOBER 4, 1967—DECIDED DECEMBER 5, 1967.

*Payne, Barlow & Green, William O. Green, Jr.,* for appellant.
*Wilkinson & Nance, A. Mims Wilkinson, Jr.,* for appellee.

PANNELL, Judge. Only Headnote 1 needs any elaboration. The petition in the present case alleges that "South Cobb Builders Supply, Inc." a corporation, is indebted to petitioner in the sum of $890.76 on an account, a copy of which is attached thereto, plus interest in a named sum, and that said sum is past due and unpaid although demand has been made upon defendant. The prayers are for process and judgment for the

principal and interest. Attached to the petition is an affidavit showing that "South Cobb Builders Supply" is indebted in the principal sum with interest according to instruments attached which consist of charge tickets and invoices showing "South Cobb Builders Supply" as the debtor and showing purchases due on the end of the month with a discount of 2% if paid by the tenth of the following month. A general, and several special, demurrers were filed by the defendant and were all overruled by the trial judge. The defendant appeals, enumerating as error the overruling of the various demurrers, some of which are expressly abandoned in his brief and insisting upon his general demurrer and certain special demurrers, the subject matter of which will appear more fully in the headnotes and in this opinion.

■ One of the special demurrers is for "misjoinder of parties defendant" because the account attached to the petition shows the debtor as "South Cobb Builders Supply" and the suit is brought against "South Cobb Builders Supply, Inc.," a corporation. The defendant argues this same situation as a reason for, and only reason for, sustaining its general demurrer to the petition. Pretermitting the question of whether the particular subject matter is ground for special demurrer only, or ground for general demurrer (see in this connection *Keith v. Darby,* 104 Ga. App. 624, 625 (3) (122 SE2d 463), and compare *Southern Home Contractors, Inc. v. Royal,* 110 Ga. App. 861 (1) (140 SE2d 229)), it is necessary that we decide the question raised. As was stated in *Williams v. Appliances, Inc.,* 91 Ga. App. 608 (4) (86 SE2d 632), an exhibit attached to a petition controls over general allegations, but there is no necessity for saying "the exhibit controls" unless there is some conflict between the two. In the *Williams* case the petition named "J. D. Robinson, Inc." as one defendant and two others were also named. The bill of particulars attached showed invoices of the account of "J. D. Robinson, Inc., Winder, Ga." It was held in that case that, "since the exhibits showed that the items sued for were sold to the defendant *J. D. Robinson, Inc.* [emphasis supplied] and there is nothing contained in the petition to show why the [other defendants] are liable for such items . . . the petition failed

to state a cause of action against the [other defendants]." In this case the exhibits attached were apparently consistent with the name "J. D. Robinson, Inc." even though the words "Winder, Ga." had been added. In the present case, we have a different situation where the abbreviation "Inc.," which conclusively shows a corporation, was left out on the statement of account. Does this require this court to hold, on demurrer to the petition, that such designation is of a different defendant from the one named in the petition although it alleges that the corporate defendant named in the petition is indebted to the plaintiff on the account attached. It is no doubt perfectly proper to bring a suit on account against a corporate defendant and allege that the name shown on the statement of account is a trade name or business name used by the defendant named in the petition. Where the only difference in the name on the statement attached is the elimination of the abbreviation "Inc." which shows conclusively a corporate entity, we do not think this is a sufficient change to hold that the statements attached show a different defendant from that alleged to be indebted in the petition. See in this connection *Wall v. First State Bank of Blakely*, 86 Ga. App. 118 (70 SE2d 917) in which it was stated that "a contract made with a corporation in a trade name or colloquial name may be sued on by it in its true corporate name," and in which it was held that where the petition alleged the corporate name to be "the First State Bank of Blakely, Ga., a banking corporation" and the notes sued upon were payable to the "First State Bank of Blakely, or order, . . . *the allegations that one of the notes sued on is payable to the plaintiff and the other was executed to the plaintiff, are sufficient as against a general demurrer to allege that the notes were payable to the plaintiff under whatever name was used."* (Emphasis supplied.) We see no reason why the converse should not be true as well, that is, that where the corporate defendant named in the petition is alleged to be indebted to the plaintiff upon statements of account attached to the petition which show an indebtedness to plaintiff under a different but similar name, such allegations are sufficient to show that the indebtedness was owed under whatever name used; particularly should this be true here, where

there is no such sufficient difference in the same as to compel a contrary holding.

We are cognizant of the rule that where the name of the plaintiff or of the defendant in a petition is insufficient to show either a natural person, partnership, or corporation the suit is a nullity. *Knox v. Greenfield's Estate*, 7 Ga. App. 305 (66 SE 805); *Hill v. Fertilizer Works*, 14 Ga. App. 106 (1) (80 SE 294); *Collins v. Armour Fertilizer Works*, 18 Ga. App. 533 (1 a) (89 SE 1054); *Barbour v. Albany Lodge No. 24*, 73 Ga. 474; *Western & A. R. Co. v. Dalton Marble Works*, 122 Ga. 774 (1) (50 SE 978). We are here, however, not concerned with the question of total lack of a party defendant, as we have one properly named in the petition. The sole question here is whether the petition with the exhibits shows that the party owing the account as shown by the exhibits is sufficiently alleged to be the same party as is named defendant in the petition. We think that it does, and the petition is neither subject to general demurrer for that reason, nor a special demurrer on the grounds that there is a misjoinder of parties defendant. Whether it would be subject to a special demurrer on other grounds we do not decide. See *Bremen Foundry &c. Works v. Boswell*, 22 Ga. App. 434, 436 (96 SE 182).

The case of *Southern Home Contractors, Inc. v. Royal*, 110 Ga. App. 861, supra, relied on by the appellant, was a case wherein three defendants were sued on open account, one of which was named in the petition as "Southern Home Contractors, Inc." The invoices attached to the petition showed that the items in the account were "sold to Southern Home Contractors, Conyers, Ga." All of the defendants filed general and special demurrers. This court in Headnote 1 held: "When considered on general demurrer and construed most strongly against the plaintiff, the amended petition thus fails to show that the materials were sold to . . . any of the defendants named therein, and no liability on the part of any of the defendants named is shown," citing as authority *Williams v. Appliances, Inc.*, 91 Ga. App. 608, supra. As shown above, the *Williams* case was authority for holding two of the defendants not liable but was not authority for holding "Southern Home Contractors, Inc."

not liable. However, the *Southern Home Contractors, Inc.* case was decided subsequently to *Wall v. First State Bank of Blakely,* 86 Ga. App. 118, supra, and *Williams v. Appliances, Inc.,* supra, and these cases, being prior binding authority, must be followed. Further, we think they set forth a sounder rule applicable to cases such as the present one.

The trial court did not err in overruling the general and special demurrers of which complaint is made on this appeal.

*Judgment affirmed. Bell, P. J., and Whitman, J., concur.*